183 N.J. Super. 168 (1982)
443 A.2d 736
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES GROCE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 11, 1982.
Decided February 17, 1982.
*169 Before Judges BISCHOFF, KING and POLOW.
Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Thomas Bachman, designated attorney, of counsel and on the brief).
James R. Zazzali, Attorney General of New Jersey, attorney for respondent (Victoria Curtis Bramson, Deputy Attorney General, of counsel; Linda Samay, Deputy Attorney General, on the brief).
The opinion of the court was delivered by KING, J.A.D.
This case presents the issue of whether a sentencing judge may impose a mandatory parole ineligibility term in conjunction with an indeterminate sentence of a young adult offender.
Under a multi-count indictment defendant was convicted of robbery in the first degree, N.J.S.A. 2C:15-1 (count 1), aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a) (count 2) and criminal coercion in the third degree, N.J.S.A. 2C:13-5(a)(1) (count 4). He was sentenced on count 1 to "the custody of the Commissioner of the Department of Corrections for an indeterminate term at the Youth Correctional Institution Complex at Yardville not to exceed fifteen (15) years." On counts 2 and 4 he received "indeterminate terms not to exceed four (4) years to run concurrent to each other and concurrent to Count One." *170 The sentencing judge further noted on the order for commitment: "Defendant not eligible for parole for a period of five (5) years."
On this appeal defendant raises four points. He alleges that "(a) the trial judge erred in denying defendant's motion for a judgment of acquittal concerning count 1, robbery, (b) the trial judge committed plain error in his instructions to the jury in his definition of robbery (not raised below), (c) the trial court misconstrued N.J.S.A. 2C:13-5 as it does not apply to the defendant, and (d) the sentence imposed by the trial judge below is manifestly excessive." We conclude that the first three points are clearly without merit and affirm the judgment of conviction. R. 2:11-3(e)(2).
We do not pass on the alleged excessiveness of sentence because we conclude that the sentence was illegal. Indeed, the State confesses error and concedes the illegality of the sentence. The judge sentenced defendant to an indeterminate term at the Yardville complex pursuant to N.J.S.A. 2C:43-5, "Young Adult Offenders," which states:
Any person who, at the time of sentencing, is less than 26 years of age and who has been convicted of a crime may be sentenced to an indeterminate term at the Youth Correctional Institution Complex in accordance with R.S. 30:4-146 et seq. in the case of men, and to the Correctional Institution for Women, in accordance with R.S. 30:4-153 et seq., in the case of women, instead of the sentences otherwise authorized by the code.[1] [Emphasis supplied]
The judge also imposed a five-year parole ineligibility term under N.J.S.A. 2C:43-6(b) which states:

*171 b. As part of a sentence for a crime of the first or second degree and notwithstanding the provision of 2C:43-9, the court may fix a minimum term not to exceed one-half of the term set pursuant to subsection a. during which the defendant shall not be eligible for parole provided that no defendant shall be eligible for parole at a date earlier than otherwise provided by the law governing parole.[2]
We agree with the State that the minimum parole eligibility term in N.J.S.A. 2C:43-6(b) relates only to sentences for fixed terms imposed pursuant to that section. See, also, N.J.S.A. 2C:43-7(b), relating to minimum parole eligibility terms for extended fixed term sentences, and N.J.S.A. 2C:14-6 (repeat sexual offenders).
The Legislature made no reference to minimum parole eligibility terms for sentences to the Youth Correction Institution Complex for "Young Adult Offenders" in N.J.S.A. 2C:43-5. The references to minimum parole eligibility terms in the next two sections dealing with fixed terms, §§ 43-6(b) and 43-7(b), manifest an obvious legislative intention to exclude mandatory minimum parole eligibility terms where an indeterminate term is imposed. See 2A Sutherland, Statutory Construction (4 ed.), § 47.23 and § 47.24 at 123-128; see, also, Resnick v. East Brunswick Tp. Bd. of Ed., 77 N.J. 88, 99 (1978). This conclusion is fortified by the specific reference in the Parole Act of 1979 to parole eligibility of young adult offenders sentenced under N.J.S.A. 2C:43-5 to indeterminate terms:
........
d. Each adult inmate sentenced to an indeterminate term of years as a young adult offender pursuant to N.J.S.A. 2C:43-5 shall become primarily eligible for parole consideration pursuant to a schedule of primary eligibility dates developed by the board, less adjustment for program participation. In no case shall the board schedule require that the primary parole eligibility date for a young adult offender be greater than primary parole eligibility date required pursuant to this section for the presumptive term for the crime authorized pursuant to N.J.S.A. 2C:44-1(f). [N.J.S.A. 30:4-123.51(d)]
*172 There is no reference to minimum parole eligibility terms in this subsection; there is reference to mandatory minimum terms in three other subsections of N.J.S.A. 30:4-123.51 which deal with "adult inmates" in the State Prison system: subsection (a) on fixed terms, subsection (b) on life terms and subsection (e) on sex offenders sentenced to the Adult Diagnostic and Treatment Center at Avenel. Again, the exclusion of any reference to mandatory minimums for young adult offenders sentenced to indeterminate terms in the new Parole Act fortifies the conclusion of an obvious legislative intent against such mandatory minimums. This interpretation also harmonizes the Code of Criminal Justice and the Parole Act, both adopted effective in 1979, as they relate to parole of young adult offenders. See 2A Sutherland, supra, § 51.03 at 298.
We therefore vacate the entire sentence and remand for resentencing. We do not retain jurisdiction.
NOTES
[1] N.J.S.A. 30:4-148 states:

The courts in sentencing pursuant to N.J.S. 2C:43-5 shall not fix or limit the duration of sentence, but the time which any person shall serve in confinement or on parole shall not in any case exceed 5 years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced, if such maximum be less than 5 years; provided, however, that the court, in its discretion, for good cause shown, may impose a sentence greater than 5 years, but in no case greater than the maximum provided by law, and the commitment shall specify in every case the maximum of the sentence so imposed.
[2] N.J.S.A. 2C:43-6(b) has been amended subsequent to the date of defendant's sentencing. See L. 1981, c. 31, c. 290, c. 569, effective February 12 and September 24, 1981 and January 18, 1982, respectively.