STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHARLES REEVEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 9, 1986—Decided October 7, 1986.

38

Before Judges MICHELS and LANDAU.

*Alfred A. Slocum,* Public Defender, for appellant (*Richard F. Healey,* Designated Counsel, of counsel and on the letter brief).

*W. Cary Edwards,* Attorney General of New Jersey, for respondent (*Helena Gorochow,* Deputy Attorney General, of counsel and on the letter brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Following plea negotiations, defendant Charles Reevey pleaded guilty to (1) two counts charging him with distribution of heroin and cocaine in violation of *N.J.S.A.* 24:21–19a(1) (Count Three and Count Twelve of Indictment No. 684–4–84) and (2) two counts charging him with distribution of cocaine in violation of *N.J.S.A.* 24:21–19a(1) (Count Six of Indictment No. 684–4–84 and Count Three of Indictment No. 932–6–84). The State, for its part of the plea agreement, recommended that the aggregate custodial sentences to be imposed upon defendant not exceed a maximum of 15 years and that the remaining criminal charges in both indictments be dismissed.

In accordance with the plea agreement, defendant was committed to the custody of the Commissioner of the Department of Corrections for 12 years with a minimum parole ineligibility period of six years for distribution of cocaine under Count Three of Indictment No. 932–6–84. In addition, he was sen-

tenced to concurrent 12 year terms, with minimum parole ineligibility periods of six years on Counts Three, Six and Twelve of Indictment No. 684–4–84. These latter terms were to run concurrently with the sentence imposed under Count Three of Indictment No. 932–6–84. Defendant's motion for reconsideration of his sentences on the ground that the imposition of parole ineligibility terms was illegal was denied and this appeal followed.

Defendant seeks a vacation of his sentences and a remand to the trial court for resentencing. He claims that the trial court erred in imposing the sentences and in denying his subsequent motion for reconsideration for the following reasons set forth in his brief:

POINT I  BY REASON OF VAGUENESS AND UNCERTAINTY, THE RECENT AMENDMENT TO *N.J.S.A.* 2C:43–6b, AS IT APPLIES TO TITLE 24 OFFENSES AND THE PAROLE ACT OF 1979 IS REPUGNANT TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

POINT II  THE TWELVE YEAR PRISON SENTENCE WITH SIX YEARS OF PAROLE INELIGIBILITY IMPOSED UPON DEFENDANT WAS UNREASONABLE, MANIFESTLY EXCESSIVE AND SHOCKING TO THE JUDICIAL CONSCIENCE.

We have carefully considered these contentions and all of the arguments advanced by defendant in support of them and find that they are clearly without merit. *R.* 2:11–3(e)(2). However, some further comment is necessary with respect to defendant's contention that his sentences are illegal due to the imposition of the six year parole ineligibility terms.

I.

Defendant claims that the imposition of the parole ineligibility terms was unwarranted and that the trial court erred in relying on *N.J.S.A.* 2C:43–6b by imposing these terms as part of his sentences for violating the "New Jersey Controlled Dangerous Substances Act," *N.J.S.A.* 24:21–1 *et seq.* (*Title* 24). However, defendant does not primarily attack the trial court's reliance on *N.J.S.A.* 2C:43–6b. Instead, he raises a constitution-

al challenge to this statute, asserting that it "is ambiguous in its meaning, vague and therefore offends fundamental principles of due process as set forth in the Fourteenth Amendment of the United States Constitution."

*N.J.S.A.* 2C:43–6b, upon which the trial court relied in imposing the parole ineligibility terms, provides:

> *As part of a sentence for any crime,* where the court is clearly convinced that the aggravating factors substantially outweigh the mitigating factors, as set forth in subsections a. and b. of 2C:44–1, the court may fix a minimum term not to exceed one-half of the term set pursuant to subsection a., *or one-half of the term set pursuant to a maximum period of incarceration for a crime set forth in any statute other than this code, during which the defendant shall not be eligible for parole;* provided that no defendant shall be eligible for parole at a date earlier than otherwise provided by the law governing parole ... [Emphasis supplied].

Preliminarily, we point out that prior to the amendment of *N.J.S.A.* 2C:43–6b, effective February 12, 1981, by *L.*1981, *c.* 31, § 1, this statute provided:

> *As part of a sentence for a crime of the first or second degree* and notwithstanding the provision of 2C:43–9, *the court may fix a minimum term not to exceed one-half of the term set pursuant to subsection a. during which the defendant shall not be eligible for parole* provided that no defendant shall be eligible for parole at a date earlier than otherwise provided by the law governing parole. [*L.*1979, *c.* 178, § 85, effective September 1, 1979 (Emphasis supplied) ].

In this form, *N.J.S.A.* 2C:43–6b permitted imposition of a period of parole ineligibility only with respect to sentences for first or second degree crimes under the Code. However, by the February 12, 1981 amendment, the Legislature substituted the words "any crime" for "a crime of the first or second degree" and added the phrase "or one-half of the term set pursuant to a maximum period of incarceration for a crime set forth in any statute other than this code," to the parole ineligibility provisions of *N.J.S.A.* 2C:43–6b. *See L.*1981, *c.* 31, § 1, effective February 12, 1981 (adopting these changes). This language currently appears in the statute and is directly applicable in this case. The application of the sentencing provisions of the Code dealing with parole eligibility to *Title* 24 offenses is no longer in question. In *State v. Flippen,* 208 *N.J.Super.* 573, 576

(App.Div.1986), we specifically held that *N.J.S.A.* 2C:43–6b applies to sentencing under *Title* 24 and that a parole ineligibility term for a *Title* 24 offense was legal. *See also State v. Sobel,* 183 *N.J.Super.* 473, 479 n. 1 (App.Div.1982); *State v. Guzman,* 199 *N.J.Super.* 346, 351 n. 3 (Law Div.1985). Thus, there was statutory authority to support the trial court's imposition of parole ineligibility terms for defendant's *Title* 24 convictions.

We turn therefore to defendant's constitutional challenge to the statute. Defendant essentially contends that *N.J.S.A.* 2C:43–6b is unconstitutionally vague because "there is no way of knowing whether the term 'any crime' [which appears within the statutory language] applies to convictions under *Title* 24, or only convictions under the Code." He claims that the statute "does not afford a defendant sufficient notice that it applies to convictions pursuant to *Title* 24," thereby raising "a procedural due process [issue] grounded in notions of fair play." *State v. Lashinsky,* 81 *N.J.* 1, 17 (1979).

The principle which underlies a vagueness claim brought on due process grounds is "that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *Colten v. Kentucky,* 407 *U.S.* 104, 110, 92 *S.Ct.* 1953, 1957, 32 *L.Ed.*2d 584, 590 (1972). In the context of a criminal sentencing statute, the principle which is more directly applicable is that:

> [the] statute is unconstitutional if it is couched in terms "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [*State v. Lashinsky, supra,* 81 *N.J.* at 17 (quoting *Coates v. Cincinnati,* 402 *U.S.* 611, 614, 91 *S.Ct.* 1686, 1688, 29 *L.Ed.* 214, 217 (1971)].

In accordance with this principle, our Supreme Court has held that "[n]o one shall be punished for a crime unless both that crime and its punishment are clearly set forth in positive law." *In re Suspension of DeMarco,* 83 *N.J.* 25, 36 (1980). *See also Town Tobacconist v. Kimmelman,* 94 *N.J.* 85, 125 n. 21 (1983) (vagueness test "demands that a law be sufficiently clear and precise so that people are given fair notice and adequate warning of the law's reach.").

Clearly, penal statutes are subject to sharper scrutiny, *State v. Cameron,* 100 *N.J.* 586, 592 (1985), and a high standard of certainty applies to a vagueness challenge in a criminal case. *State v. Lee,* 96 *N.J.* 156, 167 (1984). This rule has, as its basis, the requirement of due process. *See In re Suspension of DeMarco, supra,* 83 *N.J.* at 36. However, it does not invariably follow that simply because there is an argument raised "as to the meaning of a penal sanction, the statute is impermissibly vague...." *Ibid.* Thus, the fact that certain statutory phrases are not "impeccable specimens of draftsmanship" should not serve to impugn the legality of a statutory provision as long as procedural and judicial safeguards are in existence. *In re Hotel and Restaurant Employees and Bartenders International Union Local 54,* 203 *N.J.Super.* 297, 328 (App.Div.1985).

The fact that a statutory provision may need some judicial interpretation does not render it unconstitutional. *Troy Hills Village v. Fischler,* 122 *N.J.Super.* 572, 582 (Law Div.1971), aff'd *o.b.,* 122 *N.J.Super.* 525 (App.Div.1973). Rather,

   [t]he question is ultimately one of fairness, given the statute and its provisions, and given the situation of the defendant. Should he have understood that his conduct was proscribed, *should he have understood that the penalty about to be imposed was the sanction intended by the Legislature?* The test is whether the statute gives a person of ordinary intelligence fair notice that his conduct is forbidden and punishable by certain penalties. *That test, however, does not consist of a linguistic analysis conducted in a vacuum.* It includes not simply the language of the provision itself, but related provisions as well, and especially the reality to which the provision is to be applied. [*In re Suspension of DeMarco, supra,* 83 *N.J.* at 37 (Emphasis supplied)].

*Accord In re Boardwalk Regency Casino License Application,* 180 *N.J.Super.* 324, 346 (App.Div.1981), modified on other grounds, 90 *N.J.* 361 (1982), app. dism. *sub nom., Perlman v. New Jersey,* 459 *U.S.* 1081, 103 *S.Ct.* 562, 74 *L.Ed.*2d 927 (1982) (words of a statute must not be considered to exist in a vacuum without reference to relevant policy considerations or without regard to the balance of the statute).

Although the United States Supreme Court has recognized that penal statutes may be found unconstitutionally void-for-vagueness based both upon grounds of lack of actual notice and

potential for arbitrary enforcement, *Hoffman Estates v. Flip-side, Hoffman Estates, Inc.,* 455 *U.S.* 489, 498, 102 *S.Ct.* 1186, 1193, 71 *L.Ed.*2d 362, 371 (1982), the Court has more recently noted "that the more important aspect of the vagueness doctrine 'is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement.'" *Kolender v. Lawson,* 461 *U.S.* 352, 358, 103 *S.Ct.* 1855, 1858, 75 *L.Ed.*2d 903, 909 (1983) (quoting *Smith v. Goguen,* 415 *U.S.* 566, 574, 94 *S.Ct.* 1242, 1248, 39 *L.Ed.*2d 605, 613 (1974)). This view is in accord with the rule set forth by our Supreme Court in *Barry v. Arrow Pontiac, Inc.,* 100 *N.J.* 57 (1985), wherein it explained:

> In assessing whether a regulation is unconstitutionally vague, the court must consider whether "those to whom the statute applies * * * have a peculiar expertise in being able to assess the meanings of these terms." [*Id.* at 75 (quoting *In re Polk License Revocation,* 90 *N.J.* 550, 575 (1982))].

█ In considering the alleged vagueness of *N.J.S.A.* 2C:43–6b in light of the foregoing standards, the words in the statute must be given their "ordinary and popular meaning" unless it is evident that they are being utilized in another sense. When the words "any crime" are given their ordinary meaning, in light of common knowledge, it is clear that they have a sufficient popular connotation to apprise men of common intelligence, with a reasonable degree of certainty, as to the possibility of the imposition of a parole ineligibility term. *See State v. Lashinsky, supra,* 81 *N.J.* at 17 Certainly such an individual would be unfamiliar with the prior language contained within *N.J.S.A.* 2C:43–6b and, accordingly, would correctly conclude that the disputed words mean exactly what they say—that a parole ineligibility period may be imposed as part of a sentence for *"any crime"* either set forth in the Code or in another statute. In fact, *N.J.S.A.* 2C:43–6b expressly refers to "a crime set forth in any statute other than this Code."

Moreover, when the meaning of "any crime" is considered outside a vacuum and with reference to the provisions of *N.J.S.A.* 2C:43–6b and the Code in general, *see In re DeMarco,*

*supra,* 83 *N.J.* at 37; *In re Boardwalk Regency, supra,* 180
*N.J.Super.* at 346, it becomes even clearer that parole ineligibil-
ity *is* applicable in sentences for *Title* 24 offenses. When the
Legislature saw fit to exclude such offenses from the scope of
the Code's requirements, it expressly indicated this in specific
statutory language. Consequently, in *N.J.S.A.* 2C:43–1b the
Legislature specified that crime-degree classification is not ap-
plicable to *Title* 24 offenses and in *N.J.S.A.* 2C:1–5b that
offenses defined by statutes other than the Code are subject to
Code's general sentencing provisions, but that maximum penal-
ties applicable to such offenses are as provided in the non-Code
definitional statutes.

█ Finally, defendant's allegation of a due process violation,
based on the alleged vagueness in *N.J.S.A.* 2C:43–6 and its lack
of sufficient notice of applicability to *Title* 24 sentences, is also
without merit due to the overwhelming evidence that this
defendant was specifically aware of the possibility of imposition
of a parole ineligibility term when he entered his guilty pleas on
September 12, 1984. On that date, the trial court advised
defendant that the maximum sentence for each of the four *Title*
24 offenses to which defendant was entering pleas of guilty
was twelve years or a fine of $100,000 or both. The trial court
also inquired of defendant:

> [D]o you also understand ... with a maximum exposure of forty-eight years
> *the Court may impose a period of half of that time,* namely twenty-four
> years, *that you must serve before you become eligible for parole,* do you
> understand that? (Emphasis supplied) ].

Defendant responded that he understood this exposure.

The trial court then proceeded to review the terms of the plea
agreement with the State noting that, as a result of this
agreement, defendant could be exposed only to a fifteen year
total maximum sentence. The trial court additionally inquired
whether defendant understood "that the Court may impose half
of that time as a period that you must serve before you become
eligible for parole, namely seven and a half years ..." After
defendant indicated that he understood this, the trial court

summed up defendant's potential maximum exposure, once again indicating the possibility of a period of parole ineligibility. Thus, the plea transcript plainly evidences the fact that defendant had actual notice of his potential sentence before his plea was accepted.

In light of the clear legislative intention that *N.J.S.A.* 2C:43–6b be applicable to *Title* 24 offenses and defendant's undisputed knowledge that, in entering his plea, he would be subject to the possible imposition of a parole ineligibility term, this facial constitutional challenge based upon the alleged vagueness of *N.J.S.A.* 2C:43–6b must fail. Defendant had adequate notice that his sentences for *Title* 24 offenses could include periods of parole ineligibility and the sentencing court was properly guided by the provisions of *N.J.S.A.* 2C:43–6b in imposing these terms. Defendant's due process rights therefore have not been impinged.

In further support of his contention that "it cannot be said with certainty that the [words] 'any crime' also appl[y] to convictions under Title 24," defendant cites to the "Parole Act of 1979" (Parole Act), *N.J.S.A.* 30:4–123.45 *et seq.* He alleges that the provisions of this act relating to eligibility for parole are "in complete discord" with those of *N.J.S.A.* 2C:43–6b, if that statute is considered applicable to *Title* 24 offenses. With respect to eligibility for parole, *N.J.S.A.* 30:4–123.51a of the Parole Act provides generally that:

> *Each adult inmate sentenced* to a term of incarceration in a county penal institution, or *to a specific term of years at the State Prison* or the correctional institution for women *shall become primarily eligible for parole after having served any judicial or statutory mandatory minimum term, or* one-third of the sentence imposed where no mandatory minimum term has been imposed less commutation time for good behavior pursuant to *N.J.S.* 2A:164–24 or R.S. 30:4–140 and credits for diligent application to work and other institutional assignments pursuant to P.L.1972, c. 115 (C.30:8–28.1 *et seq.*) or R.S. 30:4–92. *Consistent with the provisions of the New Jersey Code of Criminal Justice (N.J.S.* 2C:11–3, 2C:14–6, 2C:43–6, 2C:43–7), *commutation and work credits shall not in any way reduce any judicial or statutory mandatory minimum term and such credits accrued shall only be awarded subsequent to the expiration of the term.* (Emphasis supplied).

Additionally, with respect to *Title* 24 offenses, *N.J.S.A.* 30:4–123.51c of the Parole Act specifically provides:

> *Each inmate sentenced to a specific term of years pursuant to the "Controlled Dangerous Substance Act,"* P.L.1970, c. 226 (C. 24:21–1 through 45) *shall become primarily eligible for parole after having served one-third of the sentence imposed* less commutation time for good behavior and credits for diligent application to work and other institutional assignments. (Emphasis supplied).

Defendant argues that *N.J.S.A.* 2C:43–6b and *N.J.S.A.* 30:4–123.51c are irreconcilable because the Code provision, if deemed applicable to *Title* 24 offenses, allows the imposition of a parole ineligibility period of up to one-half of the maximum sentence imposed, while the Parole Act provision indicates that a defendant sentenced to a specific term of years pursuant to the dictates of *Title* 24 will become "primarily eligible for parole" after having served only one-third of the sentence imposed, minus work credits and commutation time. Thus, defendant reasons that a mandatory minimum parole ineligibility term, pursuant to *N.J.S.A.* 2C:43–6b, should not be applicable to his *Title* 24 sentence.

Initially, we note that in construing statutory provisions and determining legislative intent, it must be assumed "that the Legislature is thoroughly conversant with its own legislation and the judicial construction of its statutes." *Brewer v. Porch*, 53 *N.J.* 167, 174 (1969). Thus, alleged inconsistencies in statutory provisions should be carefully examined in an effort to harmonize statutes relating to the same subject matter. In *State v. Green*, 62 *N.J.* 547, 554–555 (1973), the Supreme Court held that:

> [s]tatutes *in pari materia* are to be construed together when helpful in resolving doubts or uncertainties and the ascertainment of legislative intent. Such enactments are to be considered "as a homogeneous and consistent whole, giving effect to all their provisions." [quoting *Watson v. Jaffe*, 121 *N.J.Super.* 213, 214 (App.Div.1972)].

This approach is clearly applicable in our consideration of *N.J.S.A.* 2C:43–6b and *N.J.S.A.* 30:4–123.51. *See, e.g., State v. Kelly*, 207 *N.J.Super.* 114, 125 (App.Div.1986) (reading *N.J.S.A.* 2C:11–3 and *N.J.S.A.* 2C:43–7b in conjunction with *N.J.S.A.*

30:4–123.51b in determining the proper period of parole ineligibility for a murder conviction); *State v. Groce,* 183 *N.J.Super.* 168, 172 (App.Div.1982) (harmonizing now-amended provisions of *N.J.S.A.* 2C:43–6b with *N.J.S.A.* 30:4–123.51 in determining whether parole ineligibility period should be included in indeterminate term sentence).

In light of these principles of statutory construction, it must be noted that when originally adopted by *L.*1979, *c.* 441, § 7, *N.J.S.A.* 30:4–123.51c could be read consistently with the provisions of *N.J.S.A.* 2C:43–6b which, at that time, allowed a sentencing court to impose periods of parole ineligibility only upon sentences for first and second degree crimes. Therefore, when first adopted, *N.J.S.A.* 30:4–123.51c required that an inmate sentenced to a specific term of years (with no parole ineligibility period) be eligible for parole after having served one-third of the sentence imposed, less commutation time for good behavior and work credits.

██ However, with the amendment of *N.J.S.A.* 2C:43–6b by *L.*1981, *c.* 31, § 1, effective February 12, 1981, it became possible for defendants convicted of *Title* 24 offenses to be sentenced to mandatory minimum terms of incarceration, during which they would be ineligible for parole. As a result of this change, the specific statutory language of *N.J.S.A.* 30:4–123.51c should be read as solely concerning those *Title* 24 inmates to whom *N.J.S.A.* 2C:43–6b is inapplicable, due to the fact that they have been sentenced *only* to a specific term of years. On the other hand, in the case of an inmate, such as defendant here, sentenced in accordance with both *Title* 24 and *N.J.S.A.* 2C:43–6b, to a mandatory minimum term without parole eligibility, the general provisions of *N.J.S.A.* 30:4–123.-51a should be deemed applicable. Defendant has received a parole ineligibility term under the Code.

The general parole provisions of *N.J.S.A.* 30:4–123.51a should apply here because defendant is clearly an "adult inmate sentenced ... to a specific term of years at the State Prison...."

*N.J.S.A.* 30:4–123.51a. Thus, since defendant has been sentenced to mandatory minimum terms by virtue of the parole ineligibility periods imposed upon him this later subsection of the Parole Act provides that he "shall become primarily eligible for parole after having served [such] judicial or statutory mandatory minimum term...." *Ibid.* *See also New Jersey Parole Board v. Byrne*, 93 *N.J.* 192, 205 (1983) (courts can require offenders to serve mandatory minimum terms before they can be considered for parole to ensure that punitive aspects of sentence will be satisfied). When viewed in this manner, defendant's sentences are in complete conformity with both the Code and the Parole Act.

Defendant's additional argument that he is being denied the opportunity to earn commutation time and work credits is answered by the Legislature's express provision that, consistent with *N.J.S.A.* 2C:43–6 and other enumerated provisions of the Code, "commutation and work credits shall not in any way reduce any judicial or statutory mandatory minimum term and such credits accrued shall only be awarded subsequent to the expiration of the term." *N.J.S.A.* 30:4–123.51a. Consequently, defendant's charge of improper denial of these credits is therefore without basis.

Moreover, the provision of *N.J.S.A.* 30:4–123.51a, which specifically notes that its provisions are to be considered "[c]onsistent with the provisions of the New Jersey Code of Criminal Justice (N.J.S. 2C:11–3, 2C:14–6, 2C:43–6, 2C:43–7)" plainly shows that the Legislature intended that the parole eligibility provisions of the Parole Act be read in conjunction with the Code in order to avoid inconsistency.

Finally, we point out that in allowing "[a]s part of a sentence for any crime," the imposition of a period of parole ineligibility of up to "one-half of the term set pursuant to a maximum period of incarceration for a crime set forth in any statute other than [the] code," pursuant to *N.J.S.A.* 2C:43–6b the Legislature added the qualification:

provided that no defendant shall be eligible for parole at a date *earlier* than otherwise provided by the law governing parole.... [*N.J.S.A.* 2C:43–6b (Emphasis supplied) ].

The inclusion of this qualifying language in *N.J.S.A.* 2C:43–6b evidences the Legislature's intent to affect the parole eligibility scheme established by the Parole Act. The Legislature specifically directed that the imposition of a parole ineligibility term pursuant to *N.J.S.A.* 2C:43–6b could not operate to make a defendant eligible for parole at a date earlier than established by the provisions of the Parole Act. *See State v. Des Marets,* 92 *N.J.* 62, 75 (1983) (noting that *N.J.S.A.* 30:4–123.51a explicitly proscribes anything that would allow parole eligibility to begin before a mandatory minimum sentence has been served). Significantly, the Legislature did not specify the converse: that *N.J.S.A.* 2C:43–6b should be applied if, as is the case here, a defendant would become eligible for parole at a date later than provided by the provisions of the Parole Act.

Accordingly, we hold that *N.J.S.A.* 2C:43–6b is not unconstitutionally vague and was properly invoked by the trial court to impose the parole ineligibility terms as part of his sentences for his *Title* 24 convictions.

## II.

■ Finally, we are thoroughly convinced that the concurrent 12 year terms with 6–year periods of parole ineligibility imposed upon defendant as a result of his convictions is neither manifestly excessive nor unduly punitive. We emphasize that the need for punishment and deterrence in the protection of society outweighs the reasons advanced by defendant for reduction of the sentence imposed upon him by the trial court. Furthermore, in light of the circumstances, particularly the seriousness of the offenses, defendant's presentence report and the fact that the plea agreement was made and kept, we are satisfied that the trial court did not mistakenly exercise its discretion by imposing concurrent sentences aggregating 12 years with six year periods of parole ineligibility for the crimes

defendant committed. In our view, these sentences are not a miscarriage of justice and do not shock the judicial conscience. *See State v. Whitaker*, 79 *N.J.* 503, 512–517 (1979). *See also State v. Roth*, 95 *N.J.* 334, 362–366 (1984); *State v. Hodge*, 95 *N.J.* 369, 375–377 (1984).

■ Moreover, contrary to defendant's claim, there is ample support in the record for the trial court's findings concerning the aggravating factors relied upon in imposing the concurrent parole ineligibility terms pursuant to *N.J.S.A.* 2C:43–6b. Although the trial court could have expanded upon his reasons for imposing the parole ineligibility terms, the fact remains that it did enumerate the aggravating factors relied upon in imposing the parole ineligibility terms. These factors, fully supported by the record, weighed in favor of the imposition of such terms. There is no sound basis or justification on this record for us to interfere with defendant's sentences.

Accordingly, the judgment under review is affirmed.