230 N.J. Super. 1 (1988)
552 A.2d 616
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS CACAMIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1988.
Decided November 22, 1988.
*3 Before Judges MICHELS, LONG and MUIR, Jr.
Thomas P. Olivieri argued the cause for appellant (Olivieri & Lamparello, attorneys; Thomas P. Olivieri, of counsel and on the brief).
Marijean Raffetto Stevens, Deputy Attorney General, argued the cause for respondent (Cary Edwards, Attorney General of New Jersey, attorney; Marijean Raffetto Stevens, of counsel and on the letter brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Defendant Thomas Cacamis appeals from an order of the Law Division that denied his petition for post-conviction relief.
In September 1986, following plea negotiations, defendant pleaded guilty to possession, with intent to distribute, of over one ounce of cocaine, of which 3.5 grams was a pure free-base narcotic drug, in violation of N.J.S.A. 24:21-19a(1) and N.J.S.A. 24:21-19b(2).[1] The State in return recommended that any custodial sentence imposed not exceed 25 years and that no parole ineligibility term be imposed. In addition, the State recommended that other criminal charges contained in the indictment *4 be dismissed. Defendant agreed to withdraw any opposition to a forfeiture proceeding instituted with respect to certain cash seized from his safe deposit box and an automobile seized at the time of his arrest. In October 1986, in accordance with the plea agreement, defendant was committed to the custody of the Commissioner of the Department of Corrections for a period of 25 years and assessed a penalty of $30, payable to the Violent Crimes Compensation Board. The trial court did not impose a period of parole ineligibility in connection with the sentence and dismissed the remaining counts of the indictment.
Defendant appealed, contending that the sentence was manifestly excessive and unduly punitive. While the appeal was pending, defendant moved for reconsideration of his sentence pursuant to R. 3:21-10. In January 1987, the trial court denied the motion for reconsideration. In June 1987, we heard and considered defendant's appeal on the excessive sentence oral argument calendar and affirmed the sentence in an unpublished order in State v. Cacamis, A-1113-86T4.
In September 1987, defendant filed a petition for post-conviction relief, contending generally that there was an insufficient factual basis for his guilty plea to possession of cocaine with intent to distribute and that he was denied his Sixth and Fourteenth Amendment rights by the representations made to him during the plea negotiations that he faced 25 years in prison without parole. In November 1987, Judge Thuring in the Law Division denied the petition and this appeal followed.
Defendant now seeks a reversal of the order denying his petition for post-conviction relief, a reversal of his conviction and a remand for a new trial on the following grounds set forth in his brief:
I. THE TRIAL COURT ERRED WHEN IT DECIDED THAT A SUFFICIENT FACTUAL BASIS WAS GIVEN BY APPELLANT TO SUPPORT A GUILTY FINDING OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE.
II. THE TRIAL COURT ERRED WHEN IT DECIDED THAT THE STATE DID NOT VIOLATE THE APPELLANT'S UNITED STATES CONSTITUTIONAL *5 RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS AND THE CONSTITUTION OF THE STATE OF NEW JERSEY BY REPRESENTING DURING PLEA BARGAIN NEGOTIATIONS THAT THE APPELLANT FACED A TWENTY-FIVE (25) YEAR PAROLE DISQUALIFER IF HE REFUSED SAID PLEA BARGAIN OFFER AND WAS CONVICTED BY A JURY OF VIOLATING THE PROVISIONS OF N.J.S.A. 24:21-19a(1), SUBJECTING APPELLANT TO THE PROVISIONS OF N.J.S.A. 24:21-19b(2) AND N.J.S.A. 2C:43-6b.
Preliminarily, we note that defendant's contentions are inappropriate subjects for post-conviction relief proceedings. The claims of error were not raised before the trial court nor on the prior appeal in this matter. It must be remembered that post-conviction relief proceedings are not a substitute for direct appeal. "In the absence of the timely raising of an issue available on direct appeal or a constitutional infringement, relief will be granted in such proceedings only in exceptional circumstances involving a showing of fundamental injustice." State v. Cerbo, 78 N.J. 595, 605 (1979). See R. 3:22-4; State v. Reynolds, 43 N.J. 597, 602 (1965); State v. Boyd, 165 N.J. Super. 304, 311 (App.Div. 1979), certif. den., 85 N.J. 128 (1980). Here, the record does not establish an infringement of defendant's constitutional rights or a fundamental denial of justice.
Nonetheless, even if we ignore the necessary and fundamental principle discussed above and consider the merits of defendant's contentions, we are satisfied that they are clearly without merit. R. 2:11-3(e)(2).
Further comment, however, is appropriate with respect to defendant's claim that the trial court did not have the power to impose a 25-year period of parole ineligibility for a conviction under N.J.S.A. 24:21-19b(2) and, therefore, the representations that he faced a 25-year parole disqualifier were incorrect and violated his constitutional rights. Since the offense for which defendant was convicted occurred prior to July 9, 1987, the effective date of the Comprehensive Drug Reform Act of 1987, N.J.S.A. 2C:35-1 et seq., the sentencing provisions contained in N.J.S.A. 24:21-19b(2) are applicable. This is evident *6 from the language contained in N.J.S.A. 2C:43-1b prior to its corresponding amendment effective July 9, 1987:[2]
b. Notwithstanding any other provision of law, a crime defined by any statute of this State other than this code and designated as a high misdemeanor shall constitute for the purpose of sentence a crime of the third degree. Except as provided in sections 2C:1-4c and 2C:1-5b and notwithstanding any other provision of law, a crime defined by any statute of this State other than this code and designated as a misdemeanor shall constitute for the purpose of sentence a crime of the fourth degree. The provisions of this subsection shall not, however, apply to the sentences authorized by the "New Jersey Controlled Dangerous Substances Act" P.L. 1970, c. 226 (C. 24:21-1 through 45), which shall be continued in effect. A sentence imposed upon violation of the "New Jersey Controlled Dangerous Substances Act," shall be governed by this subtitle but shall be subject to the maximum sentence authorized for the relevant offense under said act, or if there is no specific penalty under that act, by imprisonment for not more than 3 years or a fine of not more than $1,000.00 or both, in the case of a misdemeanor or other indictable offenses, or by imprisonment for not more than 6 months or a fine of not more than $500.00 or both, in the case of a nonindictable offense. [Emphasis added].
N.J.S.A. 24:21-19b(2), prior to its repeal by L. 1987, c. 106, § 25, provided:
b. Any person who violates subsection a. with respect to:
* * * * * * * *
(2) A substance, in a quantity of one ounce or more including any adulterants or dilutants, classified in Schedules I or II which is a narcotic drug, provided that there are included at least 3.5 grams of the pure free base Schedule I or II narcotic drug, is guilty of a high misdemeanor and shall be punished by imprisonment for up to life, a fine of not more than $25,000.00, or both....
Although none of the sentencing provisions in Title 24, including N.J.S.A. 24:21-19b(2), provided for terms of parole ineligibility, the law is well established that the guidelines for parole ineligibility contained in N.J.S.A. 2C:43-6b apply to sentencing for Title 24 convictions. State v. Reevey, 213 N.J. Super. 37, 41-42 (App.Div. 1986); State v. Flippen, 208 N.J. Super. 573, 576 (App.Div. 1986); State v. Sobel, 183 N.J. Super. 473, 479 n. 1 (App.Div. 1982). Prior to its amendment in 1981, N.J.S.A. 2C:43-6b provided for the imposition of minimum parole ineligibility *7 terms only with respect to sentences for Title 2C crimes of the first or second degree. In its amended form, however, N.J.S.A. 2C:43-6b now provides:
b. As part of a sentence for any crime, where the court is clearly convinced that the aggravating factors substantially outweigh the mitigating factors, as set forth in subsections a. and b. of 2C:44-1, the court may fix a minimum term not to exceed one-half of the term set pursuant to subsection a., or one-half of the term set pursuant to a maximum period of incarceration for a crime set forth in any statute other than this code, during which the defendant shall not be eligible for parole; provided that no defendant shall be eligible for parole at a date earlier than otherwise provided by the law governing parole. [Emphasis added].
Thus, in Reevey, where the defendant pleaded guilty to several counts of cocaine and heroin distribution contrary to N.J.S.A. 24:21-19a(1), we affirmed the imposition of concurrent 12-year sentences with six-year parole disqualifiers, reasoning, in part, that the references contained in N.J.S.A. 2C:43-6b to "any crime" and "a crime set forth in any statute other than this code" obviated any constitutional problem of vagueness with respect to the applicability of N.J.S.A. 2C:43-6b to Title 24 offenses. Reevey, 213 N.J. Super. at 44-45.
Where, as in Reevey, a defendant is sentenced to a specific term of years for a Title 24 conviction, the extent of the court's power to order a parole disqualifier pursuant to N.J.S.A. 2C:43-6b is clear: the length of the sentence is simply halved to arrive at the maximum period of parole ineligibility which may be imposed. N.J.S.A. 2C:43-6b, however, does not specifically provide what shall constitute "one-half" of a life sentence for purposes of setting a parole disqualifier. Consequently, defendant contends that he could not have received a 25-year parole disqualifier, as he was advised by the court and his counsel, if convicted and sentenced to life under N.J.S.A. 24:21-19b(2). As in Reevey, this argument is predicated upon a claim of unconstitutional vagueness.
In State v. Lee, 96 N.J. 156, 165 (1984), our Supreme Court observed that:

*8 Vagueness "is essentially a procedural due process concept grounded in notions of fair play." State v. Lashinsky, 81 N.J. 1, 17 (1979). The vagueness test "demands that a law be sufficiently clear and precise so that people are given notice and adequate warning of the law's reach." Town Tobacconist v. Kimmelman, supra, 94 N.J. at 125 n. 21.
See also N.J.S.A. 2C:1-2a(4) (providing that one purpose of the new criminal code is "[t]o give fair warning of the nature of the conduct proscribed and of the sentences authorized upon conviction.") In accordance with these principles of due process and fair notice, penal statutes are to be strictly construed. In re Suspension of DeMarco, 83 N.J. 25, 36 (1980); State v. Cameron, 100 N.J. 586, 592 (1985). As stated in DeMarco, 83 N.J. at 36, "[n]o one shall be punished for a crime unless both that crime and its punishment are clearly set forth in positive law." However, as the Court went on to add in that case, "[i]t does not invariably follow ... that every time someone can create an argument as to the meaning of a penal sanction, the statute is impermissibly vague, or that the lowest penalty arguably applicable must be imposed." DeMarco, 83 N.J. at 36; See also Reevey, 213 N.J. Super. at 42-43.
Applying these principles, logic and common sense dictate that if a parole disqualifier may be imposed where a defendant is sentenced to a specific term of years for a Title 24 conviction, the same may be imposed upon a term of life imprisonment under N.J.S.A. 24:21-19b(2), "provided that [the] defendant shall [not] be eligible for parole at a date earlier than otherwise provided by the law governing parole." N.J.S.A. 2C:43-6b. (Emphasis added). Although N.J.S.A. 2C:43-6b does not assign a specific number of years to parole ineligibility terms for Title 24 life sentences, this latter part of the statute would provide sufficient notice that such a parole disqualifier would have to be imposed in accordance with the "law governing parole," which necessarily implicates the "Parole Act of 1979" (Parole Act), N.J.S.A. 30:4-123.45 et seq.
In accordance with the well established principle that "[s]tatutes in pari materia are to be construed together when helpful in resolving doubts or uncertainties and the ascertainment *9 of legislative intent," State v. Green, 62 N.J. 547, 554-555 (1973), the related provisions of Title 2C and the Parole Act have been read together and reconciled in a number of decisions. See Reevey, 213 N.J. Super. at 46-49 (N.J.S.A. 30:4-123.51c of the Parole Act, providing that inmates sentenced to a specific term of years under Title 24 shall become eligible for parole after having served one-third of the sentence imposed, held not inconsistent with N.J.S.A. 2C:43-6b); State v. Kelly, 207 N.J. Super. 114, 124-126 (App.Div. 1986) (where defendant was convicted of murder and sentenced to an extended term of 70 years with a 35-year parole disqualifier pursuant to N.J.S.A. 2C:11-3b and 2C:43-7, the disqualifier had to be reduced to 25 years in accordance with N.J.S.A. 30:4-123.51b of the Parole Act); State v. Groce, 183 N.J. Super. 168 (App.Div. 1982) (in construing pre-amended version of N.J.S.A. 2C:43-6b with N.J.S.A. 30:4-123.51, we determined that young adult offenders sentenced to indeterminate terms under N.J.S.A. 2C:43-5 could not receive parole disqualifiers).
Here, N.J.S.A. 30:4-123.51b of the Parole Act expressly provides that "[e]ach adult inmate sentenced to a term of life imprisonment shall become primarily eligible for parole after having served any judicial or statutory mandatory minimum term, or 25 years where no mandatory minimum term has been imposed...." (Emphasis added).[3] Thus, when read in conjunction with N.J.S.A. 2C:43-6b, it is clear that defendant could have received a 25-year parole disqualifier had he been sentenced to life under N.J.S.A. 24:21-19b(2) and, therefore, the representations made by defense counsel and the trial court to defendant at the plea hearing as to the penal consequences of standing trial were completely accurate and appropriate.
Accordingly, the order under review is affirmed.
NOTES
[1] N.J.S.A. 24:21-19a(1) and 24:21-19b(2) were repealed by L. 1987, c. 106, § 25. The current version of N.J.S.A. 24:21-19a(1) is in N.J.S.A. 2C:35-5a(1). The current version of N.J.S.A. 24:21-19b(2) is in N.J.S.A. 2C:35-5b(2).
[2] As amended by L. 1987, c. 106, § 8, N.J.S.A. 2C:43-1b no longer contains guidelines for sentencing procedure relevant to Controlled Dangerous Substance offenses.
[3] Since N.J.S.A. 30:4-123.51c provides that only inmates sentenced to a specific term of years under the Controlled Dangerous Substances Act shall become primarily eligible for parole after having served one-third of the sentence imposed, it clearly has no applicability to defendant.