NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5457-14T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

HERNAN A. CHICA,
a/k/a HERNAN A. CHICA TOMAYO,

 Defendant-Appellant.

___________________________________

 Argued July 18, 2017 – Decided August 18, 2017

 Before Judges Ostrer and Leone.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Indictment No.
 82-10-0947.

 Jane M. Personette argued the cause for
 appellant.

 Ian C. Kennedy, Assistant Prosecutor, argued
 the cause for respondent (Gurbir S. Grewal,
 Bergen County Prosecutor, attorney; Mr.
 Kennedy, on the brief).

PER CURIAM

 Seeking to avoid deportation approximately thirty-two years

after he was convicted of drug charges, defendant Hernan Chica
appeals from the June 22, 2015 denial of his petition for post-

conviction relief (PCR). We affirm.

 I.

 Defendant is a citizen of Colombia but entered the United

States in 1978. On October 19, 1982, a Bergen County grand jury

charged defendant with three counts of possession of cocaine,

N.J.S.A. 24:21-20(a)(1), and three counts of distribution of

cocaine, N.J.S.A. 24:21-19(a)(1).1

 On March 14, 1983, defendant pled guilty to two counts of

possession of cocaine and one count of distribution of cocaine.

Pursuant to the plea agreement, defendant would be sentenced to

no more than six years in prison and all terms would run

concurrent. At the plea hearing, defendant admitted to possessing

one gram of cocaine and possessing and selling approximately three

grams of cocaine on two separate occasions.

 At the April 29, 1983 sentencing, the possibility of

deportation was raised by the court. 2 The court sentenced

1
 N.J.S.A. 24:21-20(a)(1) and N.J.S.A. 24:21-19(a)(1) "were
repealed by L. 1987, c. 106, § 25. The current version of N.J.S.A.
24:21-19a(1) is in N.J.S.A. 2C:35-5a(1)." State v. Cacamis, 230
N.J. Super. 1, 3 n.1 (App. Div. 1988), certif. denied, 114 N.J.
496 (1989). The current version of N.J.S.A. 24:21-20(a)(1) is in
N.J.S.A. 2C:35-5(a)(1).
2
 According to the Presentence report, defendant was arrested by
immigration authorities on April 20, 1982, and warned that

 2 A-5457-14T1
defendant to 360 days in jail in an effort to try to avoid

deportation:

 As I understand a particular statute 8 U.S.
 Code Annotated Section 12:51[3] if I sentence
 you to over one year, even though you don't
 serve it, if I sentence you to over one year
 for a crime that you committed within 5 years
 after coming to this county you're liable to
 be deported and if I don't, if I sentence you
 to less than one year as I read that statute
 then you won't be deported and I think
 deportation would be too serious even though
 what you did was so serious I just think that
 that would be too harsh to have you return to
 Columbia [sic][.]

 Defendant was deported on December 20, 1984. Nonetheless,

on or about December 25, 1984, defendant reentered the United

States at or near the Texas border. On December 28, 2000,

defendant was served a notice to appear charging him with illegal

entry, and an Immigration Judge ordered him removed to Colombia

on December 6, 2001.4 On April 15, 2015, the Newark Fugitive

Operations Team arrested defendant following a motor vehicle stop

conviction might lead to deportation proceedings. Moreover,
defendant had immigration counsel.
3
 The court was apparently referring to 8 U.S.C.A. § 1251(a)(4)
(1952), which provided that an alien shall be deported who was
"convicted of a crime involving moral turpitude committed within
five years after the date of entry and either sentenced to
confinement or is confined therefore in a prison or correctional
institution, for a year or more."
4
 The record is unclear whether defendant was deported as a result.
Subsequently, defendant was convicted of theft.

 3 A-5457-14T1
and he was thereafter detained by Immigration and Customs

Enforcement (ICE).

 On April 21, 2015, approximately thirty-two years after his

1983 sentencing, defendant filed a petition for PCR or to withdraw

his 1982 guilty plea, arguing that he was misadvised by the trial

court and that his trial counsel failed to advise defendant that

he might be deported. On May 15, 2015, defendant's counsel

requested the PCR hearing be scheduled promptly to prevent

defendant's deportation. Subsequently, the court issued a writ,

but defendant already had been deported to Colombia.

 The PCR court held a hearing on June 22, 2015. In an oral

decision on the record, the court denied defendant's motion. The

PCR court found there was no excusable neglect for defendant's

late filing of PCR largely because following his deportation in

1984, defendant "chose to reenter the country, not seek any

judicial intervention." The court further explained that even

upon being charged again by immigration services in 2001, defendant

chose again not to seek judicial intervention. Defendant appeals,

arguing:

 POINT I - THE COURT BELOW ERRED IN DENYING
 DEFENDANT'S PETITION FOR POST CONVICTION
 RELIEF.

 a. THE COURT BELOW ERRED IN FAILING TO
 ORDER AN EVIDENTIARY HEARING AS DEFENDANT

 4 A-5457-14T1
 MADE A PRIMA FACIE SHOWING OF INEFFECTIVE
 ASSISTANCE OF COUNSEL.

 b. DEFENDANT SHOULD BE PERMITTED TO
 WITHDRAW HIS GUILTY PLEA AS SAME WAS NOT
 ENTERED VOLUNTARILY, KNOWINGLY AND
 INTELLIGENTLY.

 POINT II - DEFENDANT'S PETITION FOR PCR SHOULD
 NOT BE BARRED BY PROCEDURAL CONSIDERATIONS.

 II.

 A PCR court need not grant an evidentiary hearing unless "'a

defendant has presented a prima facie [case] in support of post-

conviction relief.'" State v. Marshall, 148 N.J. 89, 158

(alteration in original) (citation omitted), cert. denied, 522

U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997). "To establish

such a prima facie case, the defendant must demonstrate a

reasonable likelihood that his or her claim will ultimately succeed

on the merits." Ibid. The court must view the facts "'in the

light most favorable to defendant.'" Ibid. (citation omitted);

accord R. 3:22-10(b). As the PCR court did not hold an evidentiary

hearing, we "conduct a de novo review." State v. Harris, 181 N.J.

391, 421 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162

L. Ed. 2d 898 (2005). We must hew to that standard of review.

 III.

 The PCR court properly denied defendant's motion because his

petition was untimely. Rule 3:22-12(a)(1) provides "no petition

 5 A-5457-14T1
shall be filed . . . more than 5 years" after the entry of the

challenged judgment of conviction "unless it alleges facts showing

that the delay beyond said time was due to defendant's excusable

neglect." In addition, Rule 3:22-12(a)(1) was amended in 2010 to

require defendants to allege facts also showing "that there is

reasonable probability that if the defendant's factual assertions

were found to be true enforcement of the time bar would result in

a fundamental injustice." Ibid. Under the amended rule, "[t]hese

time limitations shall not be relaxed, except" as provided in Rule

3:22-12. R. 3:22-12(c). Defendant requests relaxation under the

principles of Rule 1:1-2, but under the 2009 amendment to Rule

1:3-4(c), "[n]either the parties nor the court may, however,

enlarge the time specified by . . . R. 3:22-12[.]"5

 Defendant failed to meet either of Rule 3:22-12(a)(1)'s

requirements to avoid the five-year time limit. First, despite

5
 Procedural rules are generally applicable to actions pending on
or after the date the rules become effective, and thus the amended
PCR rules applied to defendant's PCR petition, which was filed
after the amendments took effect. See State v. Reevey, 417 N.J.
Super. 134, 148 n.2 (App. Div. 2010), certif. denied, 206 N.J. 64
(2011); e.g., State v. Brewster, 429 N.J. Super. 387, 398 (App.
Div. 2013). "[C]ourt rules 'are given retrospective application
if vested rights are not thereby disturbed.'" Shimm v. Toys from
the Attic, Inc., 375 N.J. Super. 300, 304-05 (App. Div. 2005)
(quoting Feuchtbaum v. Constantini, 59 N.J. 167, 172 (1971)); see
also Kas Oriental Rugs, Inc. v. Ellman, 407 N.J. Super. 538, 549-
52 (App. Div.), certif. denied, 200 N.J. 476 (2009). Defendant
had no vested right in filing his PCR petition thirty-two years
after sentencing.

 6 A-5457-14T1
his PCR petition being thirty-two years late, he asserted no

excusable neglect for the delay in filing for PCR. Defendant's

delay is particularly inexplicable given that he was deported in

1984, promptly reentered the United States, and was again ordered

to be deported in 2001. These deportation orders provided

sufficient notice of the need to challenge his 1982 conviction.

However, as noted by the PCR court, defendant waited until his

2015 arrest to seek judicial intervention. "'Absent compelling,

extenuating circumstances, the burden to justify filing a petition

after the five-year period will increase with the extent of the

delay.'" State v. Milne, 178 N.J. 486, 492 (2004) (citation

omitted); see, e.g., Brewster, supra, 429 N.J. Super. at 400

(finding a "lapse of almost seven years beyond the five-year

deadline undercuts a finding of excusable neglect and fundamental

injustice").

 Indeed, defendant failed to file a verified complaint,

certification, or affidavit "set[ting] forth with specificity the

facts upon which the claim for relief is based" as required by

Rule 3:22-8 and Rule 3:22-10(c). "A petition is time-barred if

it does not claim excusable neglect, or allege the facts relied

on to support that claim." State v. Cann, 342 N.J. Super. 93,

101-02 (App. Div.) (citing State v. Mitchell, 126 N.J. 565, 577

(1992)), certif. denied, 170 N.J. 208 (2001).

 7 A-5457-14T1
 PCR counsel acknowledges the record is "silent" as to why

defendant did not file for PCR after being deported in 1984, but

speculates "it is possible, indeed perhaps even probable"

defendant was unaware that such proceedings were available to him.

However, even if defendant filed a certification making such an

allegation to the PCR court, "[i]gnorance of the law and rules of

court does not qualify as excusable neglect." State v. Merola,

365 N.J. Super. 203, 218 (Law Div. 2002), aff'd o.b., 365 N.J.

Super. 82, (App. Div. 2003), certif. denied, 179 N.J. 312 (2004).

Similarly, it is not excusable neglect that a defendant "lack[ed]

sophistication in the law." State v. Murray, 162 N.J. 240, 246

(2000).

 IV.

 Additionally, defendant cannot show a reasonable probability

of fundamental injustice because he has not established a prima

facie case that ineffective assistance of counsel led to his 1982

guilty plea. Again, defendant failed to certify any facts showing

ineffectiveness. Instead, he argues his trial counsel failed to

advise him that he might be deported.

 To show ineffective assistance of counsel, defendant must

meet the two-pronged test set forth in Strickland v. Washington,

466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and State

v. Fritz, 105 N.J. 42 (1987). In the context of a guilty plea,

 8 A-5457-14T1
the defendant must show that "counsel's assistance was not 'within

the range of competence demanded of attorneys in criminal cases'

[and that] there is a reasonable probability that, but for

counsel's errors, [the defendant] would not have pled guilty and

would have insisted on going to trial." State v. DiFrisco, 137

N.J. 434, 457 (1994) (citation omitted) (quoting Hill v. Lockhart,

474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203, 210

(1985)), cert. denied, 516 U.S. 1129, 116 S. Ct. 949, 133 L. Ed.

2d 873 (1996).

 In 2010, the United States Supreme Court held "counsel must

inform her client whether his plea carries a risk of deportation."

Padilla v. Kentucky, 559 U.S. 356, 374, 130 S. Ct. 1473, 1486, 176

L. Ed. 2d 284, 299 (2010). However, the Court's ruling in Padilla

is not retroactively applied to convictions that were "final" when

Padilla was decided. Chaidez v. United States, 568 U.S. 342, 344,

133 S. Ct. 1103, 1105, 185 L. Ed. 2d 149, 154 (2013); State v.

Gaitan, 209 N.J. 339, 372 (2012), cert. denied, 568 U.S. 1192, 133

S. Ct. 1454, 185 L. Ed. 2d 361 (2013). Because Padilla does not

retroactively apply to defendant's long-final conviction,

counsel's alleged ineffectiveness must be evaluated under the

state of the law before that decision was issued.

 Before Padilla, defendant's counsel was not required to

advise defendant of the deportation consequences of his plea. See

 9 A-5457-14T1
State v. Chung, 210 N.J. Super. 427, 434-35 (App. Div. 1986)

(holding the defendant "failed to establish the first prong of the

Strickland test" by asserting defense counsel "never specifically

advised [defendant] as to the immigration consequences of his

plea."). Counsel could be deemed ineffective only if counsel

"provide[d] false or misleading [material] information concerning

the deportation consequences of a plea of guilty." State v. Nuñez-

Valdéz, 200 N.J. 129, 138, 141-43 (2009); see also Chung, supra,

210 N.J. Super. at 435 (same). Defendant has not alleged counsel

affirmatively misadvised him regarding removal consequences prior

to entering his guilty plea, nor is there evidence in the record

to support such a notion. In assessing a "belated claim of

misadvice" when deciding whether to grant an evidentiary hearing,

the reviewing court should "examine the transcripts of the plea

colloquy and sentencing hearing . . . to determine if either

transcript provides support for an after-the-fact assertion that

counsel failed to provide advice affirmatively sought by a client."

Gaitan, supra, 209 N.J. at 381.

 The plea colloquy reveals that defendant entered his plea

voluntarily and of his own free will. Additionally, defendant

testified the only thing he was promised was that he would not

serve more than six years in prison. In fact, the sentencing

transcript reveals that trial counsel stated it "seemed very

 10 A-5457-14T1
likely" that defendant "may very well be deported." Counsel

remarked "I think he's going to pay very dearly for this regardless

of whether or not your Honor accepts my request to recommend

against deportation because immigration has its own rules and

regulations about this." Thus, defendant failed to show a prima

facie case of deficiency.

 Additionally, defendant has failed to show "'a reasonable

probability that, but for counsel's errors, [he] would not have

pled guilty and would have insisted on going to trial.'" Nunez-

Valdez, supra, 200 N.J. at 139 (citation omitted). He received a

favorable plea agreement and an even more favorable sentence.

Defendant has not certified he would not have pled guilty but for

any misinformation about the immigration consequences of his plea.

PCR counsel so argues, but his argument lacks any factual support.

Thus, defendant also failed to establish prejudice.

 Defendant has failed to establish a prima facie claim of

ineffective assistance of counsel. Accordingly, the denial of PCR

did not result in a fundamental injustice.

 V.

 Defendant alleges the sentencing court misinformed defendant

about the immigration consequences of his plea, and that this

information created a fundamental injustice. However, any alleged

misinformation from the court at sentencing could not have affected

 11 A-5457-14T1
defendant's earlier decision to plead guilty. The record reflects

that defendant elected to plead guilty with no assurances regarding

the immigration consequences of his plea. Further, any argument

regarding misinformation from the sentencing court is waived

because the arguments could have been raised on direct appeal.

See R. 3:22-4(a) (stating a claim not raised on appeal is barred

on PCR unless a court finds the claim "could not reasonably have

been raised in any prior proceeding" or "would result in a

fundamental injustice" if not heard).6

 The remainder of defendant's claims lack sufficient merit to

warrant discussion. R. 2:11-3(e)(2).

 Affirmed.

6
 Defendant briefly argues trial counsel was responsible for
misstatements by the sentencing court regarding the immigration
consequences of the plea. However, defendant alleged no facts to
support that argument. Indeed, the trial court's comments
indicated it reached its reading of the statute independent of
trial counsel. Trial counsel's alleged failure to research the
issue is not a viable claim given that counsel was not required
to provide any advice prior to Padilla.

 12 A-5457-14T1