# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3148-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STEVEN M. CASTON a/k/a
STEVEN MICHAEL CASTON,
BRIAN DEMURO, and
CHARLES D. MICK,

     Defendant-Appellant.

_____

Submitted September 28, 2022 – Decided October 27, 2022

Before Judges Mawla and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Accusation Nos. 15-07-2007 and 15-07-2008.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Rachel M. Lamb, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Steven Caston appeals from a March 11, 2021 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Based on our review of the record and the applicable legal principles, we affirm.

I.

Defendant pled guilty to third-degree aggravated criminal sexual contact in violation of N.J.S.A 2C:14-3(a)[1] and was sentenced on May 26, 2000, to a three-year probationary term conditioned on 364 days in jail. Defendant was also sentenced to community supervision for life (CSL). Defendant was subsequently charged in 2015 with two separate third-degree counts for violations of CSL, N.J.S.A. 2C:43-6.4(d). Defendant pled guilty to both accusations and was sentenced on August 21, 2015, to concurrent three-year terms of imprisonment and parole supervision for life (PSL). Defendant was released from custody on May 20, 2017.

---

[1] The judgment of conviction contains a typographical error because it states defendant's conviction was for the disorderly persons offense of lewdness, N.J.S.A. 2C:14-4(a). We recently remanded and directed the trial court in another PCR appeal involving defendant to correct the judgment of conviction to reflect the conviction is for third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a).

2

In November 2017, defendant filed a pro se petition for PCR regarding his 2015 sentence based on State v. Hester, 233 N.J. 381 (2018).[2] Defendant was subsequently assisted by counsel. The trial court resentenced defendant on December 1, 2018, to reflect a conviction for a fourth-degree offense, instead of a third-degree offense, and removed the imposition of PSL. Defendant then withdrew his PCR petition.

In August 2019, defendant filed another PCR petition. The PCR judge for the 2019 application held a non-evidentiary hearing and amended both judgments of conviction (JOCs) to change the three-year flat sentences to "time served" sentences and maintained all other conditions. This appeal followed.

II.

Defendant raises the following point:

POINT ONE

[DEFENDANT] IS ENTITLED TO RELIEF OR AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS SENTENCE IS ILLEGAL AND ATTORNEYS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO SECURE A LEGAL

_____

[2] As discussed below, the Hester Court determined the Legislature's 2014 amendment of N.J.S.A. 2C:43-6.4(b), which increased the penalty to a third-degree crime coupled with converting CSL to PSL, violated the Federal and State Ex Post Facto Clauses and precluded the retroactive application of the amendment to defendants who were sentenced to CSL before the amendment. Id. at 386-87.

SENTENCE AND FAILING TO MOVE TO DISMISS
THE ACCUSATIONS.

More particularly, defendant contends that prior PCR counsel was ineffective for failing to argue defendant's sentence, even though amended by the first PCR judge, was, nevertheless, improper as it still showed the imposition of a three-year term as opposed to an eighteen-month term consistent with a fourth-degree offense.

In addition, defendant contends prior PCR counsel failed to properly move to dismiss the two accusations because the Hester Court dismissed the indictments in that case and did not simply impose resentencing as a remedy. The present PCR judge removed the reference to the three-year term and instead amended the JOC to reflect defendant was sentenced to "time served."

III.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). PCR provides "a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). A petition for PCR is not a substitute for a direct appeal. State v. Mitchell, 126

4

N.J. 565, 583-84 (1992) (citing State v. Cerbo, 78 N.J. 595, 605 (1979), and State v. Cacamis, 230 N.J. Super. 1, 5 (App. Div. 1988)).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987) (adopting Strickland). The mere raising of PCR does not entitle the defendant to an evidentiary hearing because the court reviewing claims of ineffective assistance has the discretion to grant an evidentiary hearing only if the defendant makes a prima facie showing in support of the requested relief. Preciose, 129 N.J at 462; State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). An evidentiary hearing need only be conducted if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).

If the PCR court has not held an evidentiary hearing, we "conduct a de novo review . . . ." State v. Harris, 181 N.J. 391, 421 (2004). We also review a PCR court's interpretation of the law de novo. Id. at 415-16.

## IV.

Violating conditions of CSL was a fourth-degree crime under N.J.S.A. 2C:43-6.4 when the statute was enacted in 1994. However, in 2014, the Legislature increased the penalty to a third-degree crime, punishable by a presumptive prison term. Additionally, such a violation converted CSL to PSL, with added restrictions and enhanced consequences for violations. N.J.S.A. 2C:43-6.4(b). Thereafter, in Hester, four defendants who had been sentenced to CSL prior to the 2014 amendment challenged the increased penalties that were applied to them. 233 N.J. at 385, 391. Our Supreme Court held that "the Federal and State Ex Post Facto Clauses bar[red] the retroactive application of the 2014 Amendment to defendants' CSL violations." Id. at 385. In doing so, the Court affirmed the dismissal of the third-degree indictments. Id. at 398.

Defendant contends prior PCR counsel failed to move to dismiss the two accusations because the Hester Court dismissed the indictments and did not simply impose resentencing as a remedy. We find defendant's argument unpersuasive. The defendants in Hester never pled guilty or were sentenced, unlike defendant. That is, the Hester Court did not address the same facts or procedural posture that is before us here, where defendant already pled guilty and served a custodial sentence for violation of N.J.S.A. 2C:43-6.4(d).

6

Defendant pled guilty to a third-degree crime and was sentenced accordingly prior to Hester. Shortly after the Hester decision, the Office of the Public Defender (OPD) advised the Appellate Division Clerk there were 472 defendants impacted by Hester. The OPD further stated:

> [p]ursuant to [Administrative Office of the Courts] directive #5-06, the Criminal Presiding Judge, in coordination with the Criminal Division Manager, must prepare amended judgments of conviction for these individuals that conform to the Supreme Court's decision in Hester by reflecting a fourth-degree conviction and removing the PSL designation. Because full sentencing hearings are not necessary, it is the suggestion that this list, sorted by county, be sent to the Presiding Criminal Judges in each county so that they may coordinate the process of amending the JOCs and sending them to the Parole Board.

Thereafter, and consistent with the OPD's request, the court appropriately amended defendant's JOCs to reflect fourth-degree offenses and vacated the PSL imposition. The OPD properly recognized the remedy was to amend the improper third-degree charge to reflect a fourth-degree crime as it existed prior to the Legislature amending N.J.S.A. 2C:43-6.4(b). We determine the Hester Court did not intend to vacate defendant's indictment entirely given that he, and the other similarly situated defendants, previously pled guilty to a third-degree offense and served their custodial sentences. However, because Hester determined the increased punishment from the 2014 amendment ran afoul of the

7

State and Federal Ex Post Facto Clauses, defendant was entitled to have his JOCs amended to reflect the proper fourth-degree offenses, not an outright dismissal. In short, defendant is not entitled to dismiss his 2015 convictions.

Furthermore, we are unpersuaded by defendant's argument that his JOCs should be further amended to indicate an eighteen-month sentence consistent with a fourth-degree offense. The PCR judge noted on March 11, 2021, the previously amended December 11, 2018[3] JOCs were further amended "[t]o change [a three] years flat [New Jersey State Prison] sentence to a time served sentence[] (jail credits: [August 21, 2015 through May 20, 2017] total 639 days) granted by the courts." The trial court additionally noted "a full re-sentencing was not required [consistent with the OPD agreement] where defendant had already completed his term of imprisonment." The court amended the JOCs to accurately reflect the time actually served by defendant. It was not required to amend the JOCs to an eighteen-month sentence when that was not the actual sentence served. However, the JOCs were previously amended to properly reflect fourth-degree offenses pursuant to Hester and the OPD request.

---

[3] The JOC was previously amended in 2018 to vacate the imposition of PSL.

Accordingly, we agree the PCR court properly denied defendant's PCR application and request for a plenary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-3148-20