183 N.J. Super. 473 (1982)
444 A.2d 598
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARVIN H. SOBEL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 1982.
Decided March 17, 1982.
*474 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Seymour Margulies, argued the cause for appellant (Margulies & Margulies, attorneys; Jack Jay Wind on the brief).
Linda Calloway, Deputy Atty. Gen., argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James R. Zazzali, former Attorney General of New Jersey, and Ann Zeloof, Deputy Attorney General of counsel and on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
This appeal raises important issues concerning the relationship between the sentencing provisions of the New Jersey Code of Criminal Justice (Code), N.J.S.A. 2C:1-1 et seq., and convictions for violations of the Controlled Dangerous Substances Act (Title *475 24), N.J.S.A. 24:21-1 et seq. The specific question here raised is whether a first offender convicted of a Title 24 offense is entitled to the presumptive noncustodial sentence provided for by N.J.S.A. 2C:44-1 e for first offenders convicted of an offense other than a crime of the first or second degree.
The factual context in which the issue is posed is relatively simple and undisputed. In December 1979 defendant Marvin H. Sobel, who had not been previously convicted of crime, sold about 12 grams of marijuana to an undercover agent. As a result of that sale a warrant authorizing a search of his wife's store was issued in January 1980. The ensuing search yielded a pound and three quarters of marijuana and a quantity of valium. Defendant was then charged in a four-count indictment with possession with intent to distribute and distribution of less than 25 grams of marijuana, and with possession and possession with intent to distribute of over 25 grams of marijuana and valium.
Pursuant to a plea negotiation, defendant pleaded guilty to distribution of the smaller quantity of marijuana and possession with intent to distribute of the larger quantity of marijuana. Both were violations of N.J.S.A. 24:21-19(a)(1) and subject to a maximum prison term of five years. The State's undertaking was to move to dismiss the remaining two charges and to excise the reference to valium in the charge of possession with intent to distribute which was pleaded to. The only sentencing recommendation included in the plea agreement was a recommendation for the concurrency of any custodial terms imposed. The sentences which were imposed, from which defendant appeals, were concurrent terms of four years each.
Defendant first argues that he was entitled to the presumptive noncustodial sentence provided for by N.J.S.A. 2C:44-1 e, which reads in full as follows:
The court shall deal with a person convicted of an offense other than a crime of the first or second degree, who has not previously been convicted of an offense, without imposing sentence of imprisonment unless, having regard to the nature and circumstances of the offense and the history, character and condition *476 of the defendant, it is of the opinion that his imprisonment is necessary for the protection of the public under the criteria set forth in subsection a.
Our analysis of the relevant provisions of the Code in light of the apparent legislative scheme and purpose respecting the relationship between the Code and Title 24 persuades us that the sentencing subtitle of the Code is generally applicable to Title 24 offenses. It is our conclusion that the only sentencing provisions of the Code which are inapplicable thereto are those provisions which are specifically and expressly applicable solely to degree-classified offenses and those provisions which prescribe specific terms of imprisonment. Since neither of these exceptions here obtain, we are satisfied that the presumptive noncustodial provision applies to Title 24 offenses subject to the considerations and qualifications hereafter set forth.
In reaching this conclusion we start with the obvious proposition that a Title 24 offense is not an offense defined by the Code but rather by another statute. The first constructional consequence of the non-Code status of Title 24 offenses is the applicability of N.J.S.A. 2C:1-4 c, which first provides that offenses defined by statutes other than the Code are to be classified in accordance with the provisions of N.J.S.A. 2C:1-4 and, to the extent applicable, of N.J.S.A. 2C:43-1. That classification system on its first level is the designation by N.J.S.A. 2C:1-4a and b of both Code and non-Code offenses as crimes, disorderly persons offenses or petty disorderly persons offenses, the "crime" designation reserved for those offenses subject to a term of imprisonment in excess of six months. Title 24 offenses are obviously so classifiable and were intended to be so classified.
The second level of classification is provided for by N.J.S.A. 2C:43-1, applicable not to all offenses but only to crimes. Subsection a of that provision classifies crimes as being of the first, second, third, or fourth degree. It is clear, however, that crime-degree classification, in contradistinction to offense classification, was not intended to apply to Title 24 offenses. *477 That is the explicit import of N.J.S.A. 2C:43-1 b, whose scheme is to provide for degree-classification of non-Code crimes but expressly excepting Title 24 offenses. N.J.S.A. 2C:43-1 b provides in full as follows:
Notwithstanding any other provision of law, a crime defined by any statute of this State other than this code and designated as a high misdemeanor shall constitute for the purpose of sentence a crime of the third degree. Except as provided in sections 2C:1-4c and 2C:1-5b and notwithstanding any other provision of law, a crime defined by any statute of this State other than this code and designated as a misdemeanor shall constitute for the purpose of sentence a crime of the fourth degree. The provisions of this subsection shall not, however, apply to the sentences authorized by the "New Jersey Controlled Dangerous Substances Act," P.L. 1970, c. 226 (C. 24:21-1 through 45), which shall be continued in effect. A sentence imposed upon violation of the "New Jersey Controlled Dangerous Substances Act" shall be governed by this subtitle but shall be subject to the maximum sentence authorized for the relevant offense under said act, or if there is no specific penalty under that act, by imprisonment for not more than 3 years or a fine of not more than $1,000.00 or both, in the case of a misdemeanor or other indictable offenses, or by imprisonment for not more than 6 months or a fine of not more than $500.00 or both, in the case of a nonindictable offense.
Since the primary purpose of degree classification is to prescribe sentence limitations, the question before us is the extent to which the Code sentencing provisions are applicable, if at all, to non-Code crimes which are exempt from Code crime-degree classification, and more particularly, to Title 24 offenses. Initial resort must again be made to N.J.S.A. 2C:1-4 c, which stipulates that except as otherwise provided by 2C:1-5 b and chapter 43 of the Code, sentencing for non-Code offenses shall be governed by the Code. N.J.S.A. 2C:1-5 b provides in relevant part that
... The provisions of subtitle 3 [sentencing] are applicable to offenses defined by other statutes but the maximum penalties applicable to such offenses, if specifically provided in the statute defining such offenses, shall be as provided therein, rather than as provided in this code, except that if the non-code offense is a misdemeanor with a maximum penalty of more than 18 months imprisonment, the provisions of section 2C:43-1b shall apply.
Clearly then, in respect of those Title 24 offenses for which Title 24 prescribes the maximum penalty, it is the express stipulation of this section that the Code sentencing provisions, except for those relating to length of sentence, apply.
*478 General applicability of the Code sentencing provisions to Title 24 offenses is also expressly mandated by N.J.S.A. 2C:43-1 b, above quoted. The initial undertaking of N.J.S.A. 2C:43-1 b is to classify non-Code high misdemeanors as third degree crimes and non-Code misdemeanors as fourth degree crimes for sentencing purposes. The very next sentence of N.J.S.A. 2C:43-1 b states that "The provisions of this subsection shall not, however, apply to the sentences authorized by the New Jersey Controlled Dangerous Substances Act...." In the context of N.J.S.A. 2C:1-5 b and the preceding provisions of N.J.S.A. 2C:43-1 b, the only rational interpretation of the above-quoted sentence is that the Legislature intended to exempt Title 24 offenses from the Code's prescription of authorized imprisonment terms attendant upon Code crime-degree classification and thereby to preserve the terms of imprisonment prescribed by Title 24 itself. This is indeed the view of one commentator who has noted that "it was clear when the Code was first adopted that the Legislature did not want to start amending sentences which can be imposed under Title 24 because of the relatively recent vintage of the amendment thereto." Stern, "Preserving Jurisdiction Under the Code," 7 Crim. Just. Q. 1, 2 (1979).
But as that commentator further points out, the length of imprisonment terms is only one aspect of the sentencing process and procedure. The legislative intent to exempt that aspect from Code application did not extend to all aspects of sentencing. Thus, after excepting Title 24 offenses from the sentence consequences of degree classification, N.J.S.A. 2C:43-1 b goes on to stipulate that "A sentence imposed upon violation of the `New Jersey Controlled Dangerous Substances Act' shall be governed by this subtitle but shall be subject to the maximum sentence authorized for the relevant offense under said act...." Finally, N.J.S.A. 2C:43-1 b prescribes the maximum length of sentences for those Title 24 offenses where Title 24 itself does not itself do so.
It is, therefore, evident that it is only the length of sentence and other penalties prescribed by Title 24 to which the Code *479 does not apply. Thus, all other Code sentencing provisions do apply to Title 24, except those sentencing provisions applicable to a specific degree of crime. And Title 24 offenses, as noted, are not crimes of any degree since they have not been so graded by the Code. See Stern, op cit.
We do not perceive any legislative intent or consideration of public policy suggesting otherwise. To the contrary, such Code sentencing provisions as indeterminate sentences for young adult offenders (N.J.S.A. 2C:43-5), parole (N.J.S.A. 2C:43-9), place of imprisonment (N.J.S.A. 2C:43-10), presentence procedure (N.J.S.A. 2C:44-6), the consequences of multiple sentences (N.J.S.A. 2C:44-5), and suspension of sentence and probation (N.J.S.A. 2C:45-1 to 4), clearly apply to Title 24 offenses since their pre-Code analogues applied. Nor, for example, do we see any cogent reason for withholding from Title 24 offenses the provisions of subsections a, b and c of N.J.S.A. 2C:44-1 (sentencing criteria), or N.J.S.A. 2C:44-4 (definition of prior conviction).[1]
In view of the foregoing, we conclude that N.J.S.A. 2C:44-1 e is applicable to Title 24 offenses. As heretofore pointed out, the availability of the presumptive noncustodial disposition is withheld from a first offender only is he is convicted of a crime of the first or second degree. Since Title 24 offenses are ungraded, a Title 24 conviction is a crime neither of the first, the second or any other degree. Thus, the provision applies not only literally but for all of the reasons heretofore stated. We further note that if the Legislature had intended generally to except Title 24 offenses from the applicability of *480 N.J.S.A. 2C:44-1 e, it could easily have done so explicitly. Its failure to have done so and its exclusion therefrom only of first and second degree crimes further suggests its intention that Title 24 offenses be subject thereto.
We are, of course, aware that Title 24 offenses vary in gravity and that some are subject to severe sentences. See, e.g., N.J.S.A. 24:21-19(b)(1) authorizing a maximum of 12 years, and N.J.S.A. 24:21-19(b)(2) authorizing a maximum of life imprisonment for crimes involving specific quantities of specific drugs. Thus, while the Title 24 offenses are not graded, the Legislature has expressed its view as to the seriousness of various Title 24 offenses by its penalty prescriptions. We further note that the noncustodial sentence authorized by N.J.S.A. 2C:44-1 e, may be withheld where the "nature and circumstances of the offense" indicate to the sentencing judge that a custodial term is required for protection of the public. In our view, the legislative provision of a sentence for a Title 24 offense which equals or exceeds the sentence it has prescribed for a first or second degree offense would suggest, at least presumptively, that the nature of that Title 24 offense is incompatible with a noncustodial sentence. Compare N.J.S.A. 2C:44-1 d. That, however, is not the case here.
For the reasons herein expressed, we conclude that defendant was entitled to the application of N.J.S.A. 2C:44-1 e and we accordingly remand to the trial court for resentencing pursuant thereto. Should the trial court decide to withhold the noncustodial sentence therein authorized, he shall state his reasons therefor with particularity and within the statutory intent. In view of this disposition we do not address defendant's argument that in any case the sentences imposed were excessive and constituted a mistaken exercise of the court's sentencing discretion.
We reverse and remand for resentencing consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] With respect to the general applicability of Code sentencing provisions to Title 24 offenses, we note that prior to its amendment by L. 1981, c. 290, § 38, N.J.S.A. 2C:43-6 b permitted imposition of a minimum period of parole ineligibility only in respect of first and second degree crimes. Thus, since Title 24 crimes are ungraded, this section did not apply thereto irrespective of their individual gravity. The amendment deleted the reference to first and second degree crimes, substituting therefor the phrase "any crime," one of the consequences of which was clearly to extend applicability of the section to Title 24 offenses.