208 N.J. Super. 573 (1986)
506 A.2d 768
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
VINCENT FLIPPEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 25, 1986.
Decided March 10, 1986.
*575 Before Judges MICHELS, GAULKIN and STERN.
Alan Dexter Bowman, attorney for appellant.
W. Cary Edwards, Attorney General, attorney for respondent (Linda A. Calloway, Deputy Attorney General, of counsel and on letter brief).
PER CURIAM.
Defendant was convicted of conspiracy to possess and distribute controlled dangerous substances, N.J.S.A. 2C:5-2 and N.J.S.A. 24:21-24 (count one); possession of methamphetamine, N.J.S.A. 24:21-20(a)(1) (counts two and five); possession of methamphetamine with intent to distribute, N.J.S.A. 24:21-19(a)(1) (counts three and six) and distribution of methamphetamine, N.J.S.A. 24:21-19(a)(1) (counts four and seven). The offenses occurred on May 18 and June 1, 1981.
At the time of sentencing in 1982 the trial judge merged all counts into counts four and seven. On motion by the State pursuant to N.J.S.A. 24:21-29, the court imposed consecutive terms of seven years with three years to be served before parole eligibility. The conviction and sentences were affirmed on direct appeal.[1]
Defendant subsequently moved to correct the sentence, contending that it was illegal, and he appeals from the denial of his motion.[2]
Defendant argues that the sentencing judge erred in imposing two "extended" term sentences. He contends that *576 N.J.S.A. 24:21-29 is subject to the general sentencing provisions of N.J.S.A. 2C:44-5a(3), now N.J.S.A. 2C:44-5a(2), which restricts multiple sentencing for more than one offense to not more than one extended term sentence.
The sentencing provisions of the Code (subtitle 3) are generally applicable to Title 24 offenses. See N.J.S.A. 2C:1-5b; State v. Sobel, supra, 183 N.J. Super. 473, 476 (App.Div. 1982). However, the classification provisions of the Code by which degrees of crime are created for purposes of sentencing do not apply to Title 24 offenses. See N.J.S.A. 2C:43-1b; State v. Sobel, supra, 183 N.J. Super. at 478-479 See also State v. Delts, 188 N.J. Super. 461, 463, (App.Div. 1982) where the court, quoting State v. Sobel, supra, noted that, "The only sentencing provisions of the Code that are inapplicable to Title 24 offenses `are those provisions which are specifically and expressly applicable solely to degree-classified offenses and those provisions which prescribe specific terms of imprisonment.'" Extended terms relate specifically to degree-classified offenses. N.J.S.A. 2C:43-7. Thus, Title 24 offenses are not subject to extended terms, see State v. Selvaggio, 206 N.J. Super. 328, 332 (App.Div. 1985), and therefore the bar to imposition of multiple extended terms is likewise inapplicable. N.J.S.A. 2C:44-5a(2).
Defendant also contends that imposition of the parole ineligibility terms was illegal. Despite several amendments to N.J.S.A. 2C:43-6b, that provision has at all times since February 12, 1981 permitted the imposition of a parole ineligibility term for "any crime," including one embodied "in any statute other than this code." An offense with a maximum sentence above six months is a crime, see N.J.S.A. 2C:1-4a, and this provision of the Code applies to sentencing under Title 24. See N.J.S.A. 2C:1-5b. See also State v. Guzman, 199 N.J. Super. 346, 351, n. 3 (Law Div. 1985).
Accordingly, the sentences imposed are legal and the denial of defendant's motion is affirmed.
NOTES
[1] The State apparently filed no cross appeal from the merger of the possession with intent count into the distribution count. But see State v. Jester, 68 N.J. 87 (1975); State v. Davis, 68 N.J. 69 (1975); State v. Ruiz, 68 N.J. 54 (1975).
[2] Only the legality of the sentence, as opposed to excessiveness, can be challenged on the post-appeal application. See R. 3:21-10(a) (as amended effective September 13, 1982); R. 3:22-2; State v. Pierce, 115 N.J. Super. 346 (App.Div. 1971), certif. den. 59 N.J. 362 (1971).