233 N.J. Super. 291 (1989)
558 A.2d 1329
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KEVIN J. MATTHEWS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 11, 1989.
Decided May 8, 1989.
*293 Before Judges PRESSLER, SCALERA and STERN.
Alfred A. Slocum, Public Defender, attorney for appellant (William E. Norris, Designated Counsel, on the letter brief).
Peter N. Perretti, Jr., Attorney General, attorney for respondent (Michael J. Williams, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by STERN, J.A.D.
In Indictment No. 130-01-87 defendant was charged with possession of cocaine, N.J.S.A. 24:21-20(a)(1), and possession of that substance with intent to distribute, N.J.S.A. 24:21-19(a)(1). *294 In Indictment No. 774-04-87 defendant was charged with possession of cocaine, N.J.S.A. 24:21-20(a)(1), and distribution of cocaine, N.J.S.A. 24:21-19(a)(1). After the trial judge concluded that defendant's prior convictions were admissible in the event he testified at trial, defendant was tried and convicted on Indictment No. 774-04-87. He subsequently pled guilty to count one of Indictment No. 130-01-87 in exchange for dismissal of count two thereof.
Defendant was simultaneously sentenced on both indictments. Count one of Indictment XXX-XX-XX was merged into count two of that indictment, and defendant was sentenced thereon to twelve years in the custody of the Commissioner of Corrections with six years to be served before parole eligibility. The sentence was made consecutive to any violation of parole. On count one of Indictment XXX-XX-XX defendant was committed into the custody of the Commissioner of the Department of Corrections for five years, with one year to be served before parole eligibility. That sentence was made consecutive to the sentence imposed on Indictment XXX-XX-XX and to the parole violation. A $30.00 penalty for the benefit of the Violent Crimes Compensation Board was imposed on both indictments.
On this appeal defendant argues:
POINT I THE COURT'S SENTENCE OF THE DEFENDANT WAS BOTH ILLEGAL AND EXCESSIVE.
POINT II IT WAS ERROR FOR THE COURT TO ADMIT TESTIMONY AND PHOTOGRAPHS CONCERNING AN INVESTIGATOR'S PRE-TRIAL IDENTIFICATION.
POINT III IT WAS ERROR FOR THE COURT TO PERMIT EVIDENCE CONCERNING DEFENDANTS PRIOR ARREST AND CRIMINAL INVOLVEMENT BEFORE THE JURY.
We are satisfied that the arguments advanced in support of the Points II and III are clearly without merit and do not warrant discussion. R. 2:11-3(e)(2). We merely note that this case did not involve an identification in the traditional sense. Rather, it dealt with review of two photographs by the undercover investigator in order to obtain the name of the person who sold him cocaine on October 3, 1986. The undercover investigator indicated *295 that he was "unsure of the name", not the identity, of the individual who sold him cocaine, and that he looked at pictures so that the investigators could ascertain the name. We agree with the trial judge that there was no showing of impermissible suggestiveness in these circumstances, and that, in any event, the State showed by clear and convincing evidence that the in-court identification was not tainted by any out-of-court identification because there was never a question on the part of the undercover investigator as to the person, as opposed to the name of the person, from whom he bought drugs.
We also agree with the trial judge that defense counsel opened the subject of the prior investigation by virtue of the testimony he developed which suggested that one Pilod, who was involved in the related matter, was actually the seller because his name was on the report. In any event we find no prejudice, because the trial judge gave a careful limiting instruction in advising the jury not to consider why the Camden police were in possession of defendant's photograph and to consider only the evidence with respect to the present offense. The jury was expressly advised not to consider the possession of the photograph as an inference of any other conduct by defendant and defendant indicated that he had no objection to the instruction. We find no basis for reversal. State v. Winter, 96 N.J. 640 (1984).
At sentencing the defendant requested sentencing under the Comprehensive Drug Reform Act of 1986. That Act, which became effective on July 9, 1987, provides in part that "[i]n any case pending on or initiated after the effective date of this act involving an offense defined herein and committed prior to such date ... [t]he court, with the consent of the defendant, may impose sentence under the provisions of this chapter applicable to the offense and the offender...." N.J.S.A. 2C:35-23c(2). As the trial judge indicated, because sentencing occurred after the effective date of the Act, we are dealing with a "pending case" under that provision. That issue is not contested before us.
*296 The judge nevertheless denied the application. He concluded that defendant had no right to be sentenced under Title 2C, stating:
The Legislature has spoken. They haven't spoken in ambiguous terms at all. If their intent was to do just what you asked me to do, it could have been easy for them to say upon request of the defendant the Court shall sentence under 2C rather than 24 for that pending at the time. They didn't say that. They didn't give the defendant the right to elect.
........
I will say this and I will concede, as I said earlier, the penalities [sic] are a lot less severe in most cases under 2C than they were under Title 24, and at sentence, all things being equal, the sentences imposed under Title 24 were grossly disparate than that imposed under 2C.
We agree with the trial judge that there was a great potential for sentence disparity under Title 24 and that there was the potential of more disparate sentencing under Title 24 than that involving offenses embodied in the Code of Criminal Justice. We also presume that by classification of drug offenses in Chapters 35 and 36 of the Code of Criminal Justice there will be less potential for disparity under the Comprehensive Drug Reform Act than under prior legislation controlling drug offenses because of the application of the presumptions of imprisonment and against imprisonment, N.J.S.A. 2C:44-1d, e, the presumptive terms, N.J.S.A. 2C:44-1f, and other provisions of the Code applicable to classified offenses. We further agree with the trial judge that the Comprehensive Drug Reform Act, in N.J.S.A. 2C:35-23, does not embody a provision, similar to N.J.S.A. 2C:1-1d(2), which permitted resentencing on and after the effective date of the Code of Criminal Justice of certain defendants previously sentenced. Hence, the trial judge may well be right in suggesting that there could be disparity between those Title 24 offenders sentenced prior to the effective date of the Comprehensive Drug Reform Act and those sentenced under the Act's provisions thereafter. However, that does not mean that the provisions of N.J.S.A. 2C:35-23c(2) can be ignored.
*297 In State v. Velez, 229 N.J. Super. 305 (App.Div. 1988), we recently considered a similar issue arising under the same statute. In that case defendant argued that the trial judge was obligated to impose a sentence under Title 2C if requested by defendant. Defendant relied upon State v. Davis, 175 N.J. Super. 130 (App.Div. 1980), certif. denied, 85 N.J. 136 (1980), which addressed an issue with respect to an application under N.J.S.A. 2C:1-1c(2) after the effective date of the Code of Criminal Justice. We rejected defendant's contention in Velez, stating:
In our view, the language in State v. Davis, referring to a right to elect sentencing under either the new Code or the former law may either be considered dicta, expressed in connection with the court's observations regarding defendant's voluntary consent pursuant to the transitional rule, or at a minimum it is certainly too broad a reading of Davis. Whether Davis had a right to require sentencing under the Code or merely an option to request or elect such sentencing with the right to also veto unrequested sentencing under the new Code was not relevant to our holding in Davis that under the circumstances the statute was not unconstitutional as an ex post facto law as applied in that case. Davis did not involve the question of whether defendant had either an absolute right to require sentencing under the Code, or only a right of rejection of veto. The question was whether the transitional provisions of the Penal Code under review permitted such voluntary consent in a manner sufficient to prevent application of the ex post facto doctrine. 229 N.J. Super. at 311.
Velez held that the defendant did not have a right to be sentenced under the provisions of Title 2C. We agree with the conclusion that the defendant had no such right and with the statement in Velez that:
If defendants were accorded the ultimate right to elect which act they were to be sentenced under, this might well increase disparity of sentencing, rather than decrease it. In our view a more reasonable interpretation is that a defendant may request to be sentenced under the [Comprehensive Drug Reform Act] for an offense committed prior to its effective date, but he is not automatically entitled to have his request granted. If entitlement upon request was the intent of the statute the Legislature surely knew how to provide for it. [229 N.J. Super. at 313 (citation omitted)].
We do not perceive defendant's argument in this case to be one addressed exclusively to entitlement and we conclude that, although defendant does not have a right to be sentenced under the provisions of the Comprehensive Drug Reform Act, *298 his request should generally be granted by the trial judge unless the judge finds good cause, expressly stated, to deny the request. We do not read the reasons in this case to be directed to the defendant or to the offenses and, therefore, while we agree with Velez, we also conclude that the trial judge mistakenly exercised his discretion by denying the application on the grounds he stated. Cf. State v. Davis, supra, 175 N.J. Super. at 146-148.
As we have noted, by virtue of classification of offenses embodied in Chapters 35 and 36 of the Code of Criminal Justice, the provisions of subtitle 3 of the Code are now all applicable to the sentencing of drug offenders. Compare State v. Sainz, 107 N.J. 283, 286-287 (1987); State v. Flippen, 208 N.J. Super. 573, 576 (App.Div. 1986); State v. Sobel, 183 N.J. Super. 473, 478-479 (App.Div. 1982). Moreover, the provisions of the Comprehensive Drug Reform Act also embody mandatory incarceration, mandatory extended terms and mandatory parole ineligibility terms in certain instances. See N.J.S.A. 2C:35-1 et seq., 2C:43-6f, 2C:43-7c. Further, defendants convicted of offenses under Chapters 35 and 36 of the Code must pay a mandatory drug enforcement penalty, are subject to a mandatory license suspension and some are obligated to pay a forensic laboratory fee. See N.J.S.A. 2C:35-15, -16, -20.
A defendant sentenced under N.J.S.A. 2C:35-23c(2) for a Title 24 offense "pending" on the effective date of the Comprehensive Drug Reform Act must be sentenced "as applicable to the offense and the offender", N.J.S.A. 2C:35-23c(2). Thus, upon such sentencing defendant is subject to the applicable mandatory provisions as well as the discretionary provisions of the Drug Act and the Code of Criminal Justice. Therefore, if defendant desires to be sentenced under Title 2C and the trial court grants his application consistent with our opinion, the State should be given an opportunity to make any appropriate application for extended terms treatment and the defendant must be subject to any mandatory sentencing provisions required *299 under Title 2C. Cf. Davis, supra; State v. McMeekin, 204 N.J. Super. 496 (App.Div. 1985).
Accordingly, the judgment of conviction is affirmed, but the matter is remanded for further proceedings on defendant's application for sentencing under N.J.S.A. 2C:35-23c(2). The trial judge in denying defendant's application wisely pointed out that defendant may be no better off under Title 2C than under Title 24, cf. State v. Davis, supra; see also State v. Velez, supra, but whether defendant desires to make the application, as he did here, should be his decision after adequate consultation with counsel about the possible consequences of such an application.
The matter is remanded for further proceedings consistent with this opinion.