Reversed and remanded for further proceedings consistent herewith.

599 A.2d 919

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. DWIGHT ROBERT BRIDGES, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 4, 1991—Decided December 2, 1991.

Before Judges J.H. COLEMAN, BILDER and STERN.

*Merrill N. Rubin,* attorney for appellant.

*Robert J. Del Tufo,* Attorney General of New Jersey, attorney for respondent (*Nancy Peremes Barton,* Deputy Attorney General, of counsel and on the letter brief).

*Schachter, Trombadore, Offen, Stanton & Pavics,* attorneys for The Association of Criminal Defense Lawyers of New Jersey, filed an *amicus curiae* brief (*Thomas A. Pavics,* on the brief).

The opinion of the court was delivered by

COLEMAN, J.H., P.J.A.D.

The novel issue raised in this appeal is whether a split sentence permitted by *N.J.S.A.* 2C:43–2b(2) involves a "term of imprisonment ... or other disposition" within the contemplation of *N.J.S.A.* 2C:35–12. The answer is dispositive of whether a judge has discretion to sentence below the agreed upon "term of imprisonment." We hold that a split sentence constitutes a "term of imprisonment" within contemplation of *N.J.S.A.* 2C:35–12.

Defendant pleaded guilty to third-degree distribution of cocaine within 1,000 feet of school property, contrary to *N.J.S.A.* 2C:35–7. As part of the plea agreement, the State agreed, pursuant to *N.J.S.A.* 2C:35–12, to recommend a probationary sentence conditioned upon defendant serving 364 days in the Hunterdon County Jail. On June 15, 1990, the sentencing judge concluded that based on *N.J.S.A.* 2C:35–12 he did not "have discretion to deviate from that agreement unless the agreement were to be, of course, rejected in its entirety." He sentenced defendant to two years of probation and as a condition of probation, required defendant to serve 364 days in the county jail. Defendant was assessed a $1,000 Drug Enforcement and Demand Reduction penalty, a $50 laboratory fee and a penalty of $30 payable to the Violent Crimes Compensation Board. The sentence was stayed pending disposition of this appeal.

On this appeal, defendant contends that "*N.J.S.A.* 2C:35–12 sets out limits upon the discretion of the Court under a negotiated plea" and that "such limits on the Court's discretion are not intended to encompass decisions relating to conditions of probation." Thus defendant argues that the sentencing judge had the discretionary authority "to impose a term of probation without conditions or with less onerous conditions than those recommended by the State." In an *amicus* brief, The Association of Criminal Defense Lawyers of New Jersey argues that

the judge had discretion under the plea agreement based on *N.J.S.A.* 2C:35–12, to impose a probationary sentence with less than 364 days of incarceration in the county jail.

## I

*N.J.S.A.* 2C:35–7 directs that a person found guilty of third-degree distribution of cocaine within 1,000 feet of school property, "shall, except as provided in *N.J.S.A.* 2C:35–12, be sentenced by the court to a term of imprisonment ... [and] the term of imprisonment shall include the imposition of a minimum term which shall be fixed at ... three years...." An exception to the mandatory imprisonment and mandatory minimum term of parole ineligibility is contained in *N.J.S.A.* 2C:35–12. That statute, in pertinent part, provides:

> Whenever an offense defined in this chapter specifies a mandatory sentence of imprisonment which includes a minimum term during which the defendant shall be ineligible for parole ... the court upon conviction shall impose the mandatory sentence unless the defendant has pleaded guilty pursuant to a negotiated agreement ... which provides for a lesser sentence or period of parole ineligibility. The negotiated plea ... may provide for a specified term of imprisonment within the range of ordinary or extended sentences authorized by law, ... a specified fine, *or other disposition.* In that event, the court at sentencing shall not impose a lesser term of imprisonment, period of parole ineligibility or fine than that expressly provided for under the terms of the plea ... agreement. [*N.J.S.A.* 2C:35–12 (emphasis added).]

The legislative scheme embodied in *N.J.S.A.* 2C:35–7 places a limitation upon judicial sentencing discretion by requiring that a mandatory minimum sentence be imposed for certain offenses. *See State v. Des Marets,* 92 *N.J.* 62, 80, 455 *A.*2d 1074 (1983). Recognizing the harshness of that statute, the Legislature opted to permit some leeway to the prosecutor to negotiate a lesser sentence. *See State v. Todd,* 238 *N.J.Super.* 445, 461, 570 *A.*2d 20 (App.Div.1990). Hence, *N.J.S.A.* 2C:35–12 was enacted as part of the Comprehensive Drug Reform Act of 1986 (Drug Reform Act), *N.J.S.A.* 2C:35–1 *et seq.* When enacting this statute, the Legislature was aware that under a traditional plea agreement, a sentencing judge is free to sentence up to and below the maximum prescribed by the plea agreement, provided the judge adheres to the proper sentencing guidelines.

*See State v. Warren*, 115 *N.J.* 433, 558 *A.*2d 1312 (1989).
Stated another way, a sentencing judge ordinarily has a wide
range of sentencing discretion within a plea agreement so long
as the sentence does not exceed the maximum provided by the
agreement. By inserting the last sentence in *N.J.S.A.* 2C:35–
12, the Legislature wanted to restrict the sentencing judge's
discretion. *See Official Commentary to the Comprehensive
Drug Reform Act*, 9 *Crim.Just.Q.* 149, 161 (1987). The consti-
tutional boundary of the Legislature's limitation upon the
judge's discretion has been thoroughly analyzed in *State v.
Todd, supra*, 238 *N.J.Super.* at 450–462, 570 *A.*2d 20, and is not
implicated in this appeal.

Defendant argues that a probationary sentence with or with-
out a term of incarceration is an "other disposition" under
*N.J.S.A.* 2C:35–12 for which, because of the absence of that
phrase in the last sentence of the statute, the judge has
discretion to sentence below the negotiated agreement. The
Legislature's intended meaning of the words "or other disposi-
tion" must be gleaned from the context in which the words
were used. *See State v. Jones*, 197 *N.J.Super.* 604, 609, 485
*A.*2d 1063 (App.Div.1984), overruled on other grounds in *State
v. O'Connor*, 105 *N.J.* 399, 408, 522 *A.*2d 423 (1987). Here, the
words "or other disposition" were used when outlining the
permissible content of a negotiated agreement. Such an agree-
ment "may provide for a specified term of imprisonment within
the range of ordinary or extended sentences authorized by law,
... a specified fine, or other disposition." Analyzed in that
context, the words "or other disposition" denote that the agree-
ment could also provide for dispositions other than imprison-
ment, with or without parole ineligibility, and fines. Viewed in
that manner, we must determine what the "other disposition[s]"
are.

## II

We repeat that the purpose of *N.J.S.A.* 2C:35–12 is to permit
the prosecutor to make an agreement "which provides for a

lesser sentence or [lesser] period of parole ineligibility" within the "range of ordinary or extended sentences authorized by law" for violating the Drug Reform Act. The range of an ordinary sentence for violation of the Drug Reform Act is specified in *N.J.S.A.* 2C:43–6. As for extended terms, the range of sentence is found in *N.J.S.A.* 2C:35–3, 5, 7, 9; *N.J.S.A.* 2C:43–6f; and *N.J.S.A.* 2C:43–7. Similarly, the periods of parole ineligibility which may be part of a negotiated agreement for drug offenses are described in *N.J.S.A.* 2C:35–3; *N.J.S.A.* 2C:35–5b; *N.J.S.A.* 2C:35–7; *N.J.S.A.* 2C:35–8; *N.J.S.A.* 2C:43–6b; *N.J.S.A.* 2C:43–6f; *N.J.S.A.* 2C:43–7b; and *N.J.S.A.* 2C:43–7c.

In addition, *N.J.S.A.* 2C:35–12 permits the negotiated agreement to reduce the fines for drug offenses. Those fines are denominated in *N.J.S.A.* 2C:35–6, *N.J.S.A.* 2C:35–7; *N.J.S.A.* 2C:35–10 and *N.J.S.A.* 2C:35–11. Up to this point we have simply cataloged the statutory provisions which specify terms of imprisonment, ordinary and extended, and the fines authorized by the Legislature for drug offenses for which *N.J.S.A.* 2C:35–12 permits a negotiated agreement. There may be further possibilities.

The focus must now shift to the additional sentencing dispositions available to a judge when imposing sentence pursuant to an *N.J.S.A.* 2C:35–12 agreement or otherwise. The controlling statute is *N.J.S.A.* 2C:43–2 which directs that all persons convicted of an offense shall be sentenced in accordance with Chapter 43 of The New Jersey Code of Criminal Justice (Criminal Code) unless otherwise provided under the Criminal Code. The classification of drug offenses by degree of crime or as a disorderly persons offense under Chapters 35 and 36 of the Drug Reform Act has made the sentencing provisions of the Criminal Code applicable to violations of the Drug Reform Act. *See L.* 1987, *c.* 106, § 8; *State v. Sainz*, 107 *N.J.* 283, 286–287, 526 *A.*2d 1015 (1987); *State v. Matthews*, 233 *N.J.Super.* 291,

296, 298, 558 *A.*2d 1329 (App.Div.1989); *State v. Flippen,* 208 *N.J.Super.* 573, 576, 506 *A.*2d 768 (App.Div.1986); *State v. Sobel,* 183 *N.J.Super.* 473, 478–479, 444 *A.*2d 598 (App.Div. 1982). Indeed, it was the Drug Reform Act, of which *N.J.S.A.* 2C:35–12 is a part, which classified drug offenses by degree of crime, thereby removing the only obstacle to making all of the sentencing provisions of the Criminal Code applicable to drug offenses. In doing so, sentencing for drug offenses has become a part of "[A]n elaborate and integrated scheme [which] correlates crime to sentencing options." *State v. Sainz, supra,* 107 *N.J.* at 287, 526 *A.*2d 1015.

## III

It is important to bear in mind that so far we have been discussing a negotiated agreement which provides for ordinary and/or extended terms of imprisonment, parole ineligibility and/or fines. In such matters, the potential sentencing dispositions are authorized by *N.J.S.A.* 2C:43–2b. Subsection 2b(3) permits a sentence to a term of imprisonment, ordinary or extended, with or without a term of parole ineligibility. Subsection 2b(1) permits the imposition of a fine or restitution, but not both. Subsection 2b(4) permits the imposition of imprisonment, fine and restitution on each charge. Subsection 2b(2), which was utilized in this case, is a hybrid because it authorizes a sentence of probation with up to 364 days of imprisonment. Subsection 2b(7) permits the judge to direct that a term of imprisonment to a county facility be served at nights or on weekends.

We come now to the meaning of "or other disposition" as used in *N.J.S.A.* 2C:35–12. As noted earlier, all sentencing dispositions of criminal offenses must be in accordance with *N.J.S.A.* 2C:43–2. We have enumerated thus far, five authorized sentencing options available to a judge when sentencing to a term of imprisonment with or without a term of parole disqualification and/or when requiring the payment of a fine or restitution. But there are three additional sentencing options

or dispositions specified in *N.J.S.A.* 2C:43–2b. These remaining three dispositions represent the "or other disposition" referred to in *N.J.S.A.* 2C:35–12. They are found in subsection 2b, where the court may suspend the imposition of sentence. The two "other disposition[s]" consist of releasing a defendant under community supervision, subsection 2b(5), and placing a defendant into a halfway house or other residential facility in the community, subsection 2b(6).

We believe, therefore, the Legislature intended the "or other disposition" to mean all of the sentencing options authorized by *N.J.S.A.* 2C:43–2b which do not deal with a fixed term of imprisonment, ordinary or extended, discretionary and mandatory periods of parole ineligibility and fines. All other sentencing options fall into the category of "other disposition[s]."

## IV

■ Next we must determine whether the Legislature intended to permit a sentencing judge to sentence below the agreement which, pursuant to *N.J.S.A.* 2C:35–12, calls for a split sentence disposition pursuant to *N.J.S.A.* 2C:43–2b(2). We are persuaded that the Legislature did not so intend.

Since the Criminal Code became effective in 1979, it has contained *N.J.S.A.* 2C:45–1c. That provision directs that when a defendant is sentenced to probation pursuant to *N.J.S.A.* 2C:43–2b(2) and as a condition thereof is required to "serve a term of imprisonment not exceeding 364 days ... [t]he term of imprisonment imposed ... shall be treated as part of the sentence...." Indeed, the language used in *N.J.S.A.* 2C:43–2b(2) identifies the permitted custodial confinement as imprisonment. It is presumed therefore that when *N.J.S.A.* 2C:35–12 was enacted as part of the Drug Reform Act which became effective July 9, 1987, the Legislature was aware that it had described the custodial aspect of a split sentence as imprisonment.

Hence, a reference in *N.J.S.A.* 2C:35–12 to "a specified term of imprisonment" referred to imprisonment as a disposition

under both *N.J.S.A.* 2C:43–2b(2) and 2b(3). While the two subsections are qualitatively different and the place of confinement differs, both nonetheless involve imprisonment. Where an agreement negotiated pursuant to *N.J.S.A.* 2C:35–12 calls for imprisonment, whether the disposition be pursuant to *N.J.S.A.* 2C:43–2b(2) or 2b(3), the last sentence of *N.J.S.A.* 2C:35–12 precludes the judge from imposing a lesser term of imprisonment than that specified in the agreement. As a matter of constitutional mandate, however, the judge is free to reject the entire agreement in the interest of justice. *State v. Todd, supra,* 238 *N.J.Super.* at 462, 570 *A.*2d 20; *see also State v. Ramirez,* 241 *N.J.Super.* 372, 575 *A.*2d 45 (App.Div.1990).

The briefs filed by both defendant and the *amicus* rely heavily on *State v. Hartye,* 105 *N.J.* 411, 522 *A.*2d 418 (1987), as support for the argument that a split sentence is not a term of imprisonment within contemplation of *N.J.S.A.* 2C:35–12. That reliance is misplaced. *Hartye* did not hold that the custodial aspect of a split sentence was not imprisonment. It simply held that a split sentence does not violate the presumption of nonimprisonment for a third or fourth degree crime within contemplation of *N.J.S.A.* 2C:44–1e. Both *Hartye* and the companion case of *State v. O'Connor, supra,* 105 *N.J.* at 408–09, 522 *A.*2d 423, rejected the notion that the term "imprisonment" should have the same meaning when dealing with a presumption of imprisonment and a presumption of nonimprisonment throughout the Criminal Code. *State v. Hartye, supra,* 105 *N.J.* at 418–419, 522 *A.*2d 418. The present case does not deal with a presumption either for or against imprisonment.

Moreover, adopting the approach advocated by defendant and the *amicus curiae* would be counterproductive. It would have a chilling effect on the prospects that a prosecutor would agree to waive the mandatory period of parole ineligibility required by the Drug Reform Act if the judge was not obligated to either accept or reject the agreement which did not call for some "other disposition." Accepting defendant's argument would

mean that even though the prosecutor waived the mandatory three years of imprisonment for probation with 364 days in the county jail, the judge would be free to accept the agreement and at the same time impose a term of imprisonment for as little as one day in the county jail, or no imprisonment at all. It is obvious to us that the Legislature would not have intended such an absurd result at a time when it intended to be tough on drugs sales in a school zone. *See N.J.S.A.* 2C:35-1.1.

We hold that a negotiated agreement, pursuant to *N.J.S.A.* 2C:35-12, that calls for any form of imprisonment, whether the disposition be effected under *N.J.S.A.* 2C:43-2b(2) or 2b(3), requires a sentencing judge to either strictly enforce the agreement or reject it in the interest of justice. The judge has no discretion, if the judge accepts the agreement, to sentence below the terms of the agreement which do not call for some "other disposition." Here, the judge was correct in concluding that he could not sentence below the agreement.

The judgment of conviction is affirmed.