637 A.2d 544

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. WILLIAM MCPHALL, DEFENDANT–RESPONDENT.

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. WILLIAM BROWN, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 3, 1994—Decided January 24, 1994.

Before Judges J.H. COLEMAN and LEVY.

*Clifford J. Minor,* Essex County Prosecutor, attorney for appellant (*Debra Cannella,* Assistant Prosecutor, of counsel and on the brief).

*Zulima V. Farber,* Public Defender, attorney for respondent (*Mordecai Garelick,* Assistant Deputy Public Defender, of counsel and on the letter brief.

LEVY, J.S.C., [temporarily assigned].

We have considered these matters together as they encompass the same legal issue. In each case, pursuant to a negotiated sentence, the defendant was sentenced to probation conditioned on imprisonment for 364 days in the county jail, but shortly thereafter the sentencing judge granted the defendant's application for admission to an intensive supervision program (ISP). The State appeals and we reverse, because there is no legislative authority permitting a mandatory period of incarceration to be vitiated by diversion into ISP.

Defendant William McPhall was charged with three offenses. Pursuant to a plea agreement, he pled guilty to third-degree possession of cocaine, in violation of *N.J.S.A.* 2C:35–10a(1) and third-degree possession of cocaine with intent to distribute within 1,000 feet of a school, in violation of *N.J.S.A.* 2C:35–7, and negotiated a sentence of probation conditioned on serving 364 days in the county jail. The agreement was effected at sentencing, the probation being assessed for two years, but within a month McPhall applied for admission to ECLIPSE, an ISP program, and the court granted his application.

Defendant William Brown was indicted for multiple offenses, and he entered a guilty plea to third-degree conspiracy, in violation of *N.J.S.A.* 2C:5–2, third-degree possession of cocaine with intent to distribute within 1,000 feet of a school, in violation of *N.J.S.A.* 2C:35–7, and fourth-degree possession of a firearm, in violation of *N.J.S.A.* 2C:39–10. Pursuant to a negotiated sentence under *N.J.S.A.* 2C:35–12, he was sentenced to three years of probation conditioned on 364 days imprisonment in the county jail for the possession of cocaine. He, too, applied for admission to ISP and was admitted on a trial basis.

In *State v. Bridges,* 252 *N.J.Super.* 286, 293–94, 599 *A.*2d 919 (App.Div.1991), *aff'd* 131 *N.J.* 402, 414, 621 *A.*2d 1 (1993), we held the sentencing court may not deviate from a split sentence imposed pursuant to *N.J.S.A.* 2C:43–2b(2) when the sentence had been negotiated as part of the prosecutor's exercise of discretion

under *N.J.S.A.* 2C:35–12, unless the judge rejected the entire agreement in the interest of justice. The Supreme Court affirmed our conclusion that the custodial aspect of a split sentence was a "term of imprisonment," and *N.J.S.A.* 2C:35–12 did not permit the sentencing court to sentence the defendant below the agreed term.

*State v. Cannon*, 128 *N.J.* 546, 608 *A.*2d 341 (1992) held diversion of first and second degree offenders into ISP violated the legislative requirement of imprisonment of *N.J.S.A.* 2C:44–1d. The court held statutorily mandated imprisonment "should not be disturbed by anything other than legislation that is direct and explicit." *Id.* at 571, 608 *A.*2d 341. *State v. Cannon* cannot be distinguished because the defendant was diverted from her second-degree conviction into ISP, whereas here the defendants were resentenced into ISP. Nor is the legislative reaction in L. 1993, c. 123, § 2a(3) to *State v. Cannon* a basis for permitting the admission of these defendants to ISP. Although second degree offenders, still subject to mandatory imprisonment, are now permitted to enter ISP, L. 1993, c. 123, § 2a(3) precludes from ISP a defendant serving a "statutorily mandated parole ineligibility."

Nor can defendants find relief from the fact that the negotiated agreements were carried out at sentencing and thereafter their release into ISP "was a separate matter." To permit a sentencing judge to do indirectly what cannot be done directly is improper, and the procedure used below would be antithetical to the long term effect of permitting plea negotiations. As the Supreme Court said in *State v. Bridges, supra,* 131 *N.J.* at 410, 621 *A.*2d 1:

To allow a court to sentence below the prison term provided in the plea agreement undermines the clear legislative purpose expressed in section 12. Prosecutors would understandably be reluctant to enter into a section 12 plea agreement knowing that in addition to the waiver of the mandatory-minimum parole disqualifier, the defendant could receive only a fraction of the bargained-for time of incarceration. To promote cooperation between drug offenders and law enforcement, therefore, section 12 must be read to limit a court's discretion to sentence below the agreed-upon term of imprisonment.

Expressing a similar view, we said "It is obvious to us that the Legislature would not have intended such an absurd result at a time when it intended to be tough on drug sales in a school zone."

*State v. Bridges, supra,* 252 *N.J.Super.* at 295, 599 *A.*2d 919. In the face of *N.J.S.A.* 2C:35–12, a new category of offenders eligible for ISP cannot be created without express legislation.

The order of each court below, resentencing the defendant to ISP, is reversed. The matters are remanded to the Law Division for reinstatement of the initial sentences.