**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0519-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WILLIAM M. THOMPSON,

     Defendant-Appellant.

_____

Argued July 27, 2021 – Decided August 13, 2021

Before Judges Sumners and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 16-12-2705.

James K. Smith, Jr., Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; James K. Smith, Jr., of counsel and on the briefs).

Kristen Pulkstenis, Assistant Prosecutor, argued the cause for respondent (Damon G. Tyner, Atlantic County Prosecutor, attorney; Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant William M. Thompson pled guilty to third-degree distribution of a controlled dangerous substance (CDS), heroin, in a quantity of less than one-half ounce, N.J.S.A. 2C:35-5a(1), and was sentenced to a three-year prison term with one year of parole ineligibility. In a single-point argument, defendant states:

> THE JUDGE, WHO FOUND THAT IMPOSING A PRISON SENTENCE WOULD BE "A GRAVE INJUSTICE," COULD PROPERLY HAVE DENIED THE STATE'S APPLICATION FOR AN EXTENDED TERM AS BEING "AN ARBITRARY AND CAPRICIOUS EXERCISE OF PROSECUTORIAL DISCRETION" PURSUANT TO STATE V. LAGARES.[1] BECAUSE THE JUDGE DID NOT RECOGNIZE THAT OPTION, THE MATTER SHOULD BE REMANDED FOR FURTHER FINDINGS. (Not Raised Below).

We disagree and affirm.

To provide context for our decision, we provide a brief discussion of the procedural history of this matter. Following an incident in August 2016, defendant was indicted for third-degree possession of a CDS, heroin, N.J.S.A. 2C:35-10(a)(1), and third-degree distribution of a CDS, heroin, in a quantity of less than one-half ounce. As documented in the pretrial memorandum, defendant rejected the State's offer that he plead guilty to the distribution charge

---

[1] 127 N.J. 20 (1992).

in exchange for the State's recommendation that he be sentenced to a seven-year prison term with three and a half years of parole ineligibility. The proposed sentence was within the extended term range under the Brimage[2] Guidelines due to defendant's record as a repeat offender with two prior convictions for CDS distribution.

On November 15, 2018, defendant entered into a non-negotiated plea agreement and pled guilty to the distribution charge. The supplemental plea form for non-negotiated pleas stated that the judge would impose a sentence of five years of special probation in drug court, N.J.S.A. 2C:35-14, and directed defendant to submit to a Treatment Assessment Services for the Courts interview and evaluation and other conditions. The State opposed the sentence.

---

[2] State v. Brimage, 153 N.J. 1 (1998). In Brimage, our Supreme Court directed the Attorney General to promulgate uniform plea offer guidelines. 153 N.J. at 25. The guidelines are intended to provide standards for plea offers for Comprehensive Drug Reform Act of 1987 (CDRA), N.J.S.A. 2C:35-1 to 36-1 offenses and reduce the chance of disparity in sentencing. Brimage, 153 N.J. at 13. Plea agreements under N.J.S.A. 2C:35-12 are governed by those guidelines, 153 N.J. at 24-25; see Revised Attorney General Guidelines for Negotiating Cases Under N.J.S.A. 2C:35-12 (July 15, 2004); State v. Fowlkes, 169 N.J. 387, 389 (2001). Third-degree distribution of CDS charge is a Brimage-eligible CDRA offense that subjected defendant to a mandatory extended term sentence under N.J.S.A. 2C:43-6(f).

After complying with the conditions to enter into drug court, defendant was sentenced on January 17, 2019. The State argued defendant was not eligible for drug court and requested a stay of the sentence. The judge disagreed, finding the record indicated he was a "good candidate" for the probationary treatment afforded by drug court.

The State appealed the sentence to our excessive sentence oral argument calendar. R. 2:9-11. We concluded the sentence was illegal because defendant was ineligible for drug court and remanded the matter for resentencing.

About two weeks later, the trial judge granted defendant's motion to withdraw his guilty plea. Thereafter, the judge accepted the parties' plea agreement, whereby defendant pled guilty to the distribution charge in exchange for the State's recommended sentence of a three-year prison term sentence subject to one year of parole ineligibility and with "credit for all the time he already served on special probation."

At sentencing, after defendant presented himself as a person who had turned his life around—working two jobs, married, expecting a new child, living a sober life—the judge weighed the aggravating and mitigating factors and "conclude[d] that [] defendant should be admitted to probation." The judge, however, ruled that "due to the requirements of Brimage and the mandatory

4

sentencing requirements for repeat drug offenders, the [c]ourt is constrained to impose a prison term." Adhering to the plea agreement, the judge sentenced defendant to three years in prison subject to one year of parole ineligibility with 248 days of jail credit. The judge stayed the sentence and released him on his own recognizance pending appeal.

We review sentences "in accordance with a deferential standard," State v. Fuentes, 217 N.J. 57, 70 (2014), and acknowledge "that appellate courts should not 'substitute their judgment for those of our sentencing courts,'" State v. Cuff, 239 N.J. 321, 347 (2019) (quoting State v. Case, 220 N.J. 49, 65 (2014)). Thus, we will

> affirm the sentence unless (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [Fuentes, 217 N.J. at 70 (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

"While the sentence imposed must be a lawful one, the court's decision to impose a sentence in accordance with the plea agreement should be given great respect, since a 'presumption of reasonableness . . . attaches to criminal sentences imposed on plea bargain defendants.'" State v. S.C., 289 N.J. Super.

5

61, 71 (App. Div. 1996) (alteration in original) (quoting State v. Sainz, 107 N.J. 283, 294 (1987)). Moreover,

> a negotiated agreement, pursuant to N.J.S.A. 2C:35-12, that calls for any form of imprisonment, whether the disposition be effected under N.J.S.A. 2C:43-2b(2) or 2b(3), requires a sentencing judge to either strictly enforce the agreement or reject it in the interest of justice. The judge has no discretion, if the judge accepts the agreement, to sentence below the terms of the agreement which do not call for some "other disposition."
>
> [State v. Bridges, 252 N.J. Super. 286, 295 (App. Div. 1991)]

Before us, defendant argues his sentence equates to an extended term because it includes a parole disqualifier, which is not required under N.J.S.A. 2C:35-(b)(3). He maintains his sentence was illegal because the State failed to apply for an extended term due to defendant's prior convictions and did not set forth any reasons why he deserved an extended term with the mandatory parole disqualifier as required by N.J.S.A. 2C:43-6(f). He emphasizes that without the parole disqualifier he would have been eligible for probation based on his jail credits. Thus, his sentence should be vacated, and the matter remanded so that the State can present reasons to the trial judge why an extended term sentence is not "arbitrary and capricious."

A-0519-19

We disagree with defendant and favor the State's position that the sentence imposed in accordance with the plea agreement was consistent with our sentencing guidelines. The agreement did not call for an extended term sentence under N.J.S.A. 2C:43-6(f). The statute provides. in pertinent part, that a person convicted of distributing a CDS who has previously been convicted of that crime "shall upon application of the prosecuting attorney be sentenced by the court to an extended term as authorized by [N.J.S.A. 2C:43-7(c)], notwithstanding that extended terms are ordinarily discretionary with the court." N.J.S.A. 2C:43-6(f).

For a defendant to be subject to a mandatory extended term, any plea that reduces his or her mandatory or minimum term must be entered under N.J.S.A. 2C:35-12 (Section 12). The statute provides that:

> [w]henever an offense defined in this chapter specifies a mandatory sentence of imprisonment which includes a minimum term during which the defendant shall be ineligible for parole, [or] a mandatory extended term which includes a period of parole ineligibility . . . the court upon conviction shall impose the mandatory sentence . . . unless the defendant has pleaded guilty pursuant to a negotiated agreement . . . which provides for a lesser sentence [or] period of parole ineligibility . . . . The negotiated plea . . . may provide for a specified term of imprisonment within the range of ordinary or extended sentences authorized by law [or] a specified period of parole ineligibility . . . . In that event, the court at sentencing shall not impose a lesser term of

7

imprisonment [or a] lesser period of parole ineligibility
. . . .

[N.J.S.A. 2C:35-12 (emphasis added).]

In accordance with a negotiated plea agreement under Section 12, defendant pled guilty to distribution of heroin and was sentenced to a three-year prison term with one year of parole ineligibility sentence that was not a mandatory term under a Brimage-eligible CDRA offense. This was because the State choose to exercise its discretion under Section 12 "to negotiate away its right to seek mandatory sentences." State v. Courtney, 243 N.J. 77, 88 (2020). The imposition of a one-year period of parole ineligibly did not make defendant's sentence an extended term.

Applying our deferential standard of review, we are satisfied that the judge's implementation of the plea agreement comports with our sentencing guidelines, and that the sentence does not reflect an abuse of discretion or shock our judicial conscience.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0519-19